UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| AK MEETING IP LLC, | § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 6:22-cv-00250-ADA |
| ZOHO CORPORATION, | § § | |
| Defendant. | § § § | |

**DEFENDANT ZOHO CORPORATION'S OPPOSED MOTION TO
TRANSFER VENUE WITHIN THIS DISTRICT UNDER 28 U.S.C. § 1404(a)**

**TABLE OF CONTENTS**

I.   INTRODUCTION ...........................................................................................................1

II.  FACTUAL BACKGROUND .........................................................................................2

    A.  Zoho Has No Connection to the Waco Division; Its Largest U.S. Office and Its Key Witnesses are in the Austin Division ...........................................................2

    B.  AK Meeting Also Has No Connection to the Waco Division; Its Principal Place of Business is in Austin ...............................................................................................3

    C.  This Case and Related Matters ................................................................................3

III. LEGAL STANDARD .....................................................................................................4

IV.  AK MEETING COULD HAVE BROUGHT THIS ACTION IN AUSTIN ....................5

V.   THE AUSTIN DIVISION IS CLEARLY MORE CONVENIENT THAN THE WACO DIVISION .......................................................................................................................5

    A.  The "Relative Ease of Access to Sources of Proof" Strongly Favors Transfer .......6

    B.  The "Cost of Attendance of Willing Witnesses" Strongly Favors Transfer ............7

    D.  The "Other Practical Problems" Factor is Neutral ..................................................9

    D.  The "Court Congestion" Factor is Neutral ............................................................11

    E.  The "Local Interests" Factor Strongly Favors Transfer ........................................11

    F.  All Other Factors are Neutral, None Weigh Against Transfer .............................13

III. CONCLUSION ..............................................................................................................13

# **TABLE OF AUTHORITIES**

**Cases**

*Datascape, Ltd. v. Dell Techs.*, Inc., No. 6:19-CV-00129-ADA, 2019 WL 4254069 (W.D. Tex. June 7, 2019) ................................................................................................................. 4, 6, 9

*Hammond Dev. Int'l, Inc. v. Amazon.com, Inc.*, No. 6:19-CV-00355-ADA, 2020 WL 6136783 (W.D. Tex. Mar. 30, 2020) ............................................................................................................ 8

*Identity Security LLC v. Apple Inc.*, No. 1:22-CV-00058-LY, Dkt. 59 (W.D. Tex. Jan. 25, 2022) 4

*In re Apple Inc.*, 979 F.3d 1332 (Fed. Cir. 2020) ................................................................... 6, 11

*In re Apple Inc.*, No. 2021-181, 2021 WL 5291804 (Fed. Cir. Nov. 15, 2021) ..................... 10, 12

*In re Apple, Inc.*, 581 F. App'x 886 (Fed. Cir. 2014) .................................................................... 9

*In re DISH Network L.L.C.*, No. 2021-182, 2021 WL 4911981 (Fed. Cir. Oct. 21, 2021) .......... 11

*In re Genentech, Inc.*, 566 F.3d 1338 (Fed. Cir. 2009) ............................................................ 7, 11

*In re Google Inc.*, 2017-107, 2017 WL 977038 (Fed. Cir. 2018) ................................................ 11

*In re Juniper Networks, Inc.*, 14 F.4th 1313 (Fed. Cir. 2021) ...................................................... 11

*In re Morgan Stanley*, 417 F. App'x 947 (Fed. Cir. 2011) ............................................................ 9

*In re Samsung Elecs. Co.*, 2 F.4th 1371 (Fed. Cir. 2021) ............................................................ 11

*In re Volkswagen AG*, 371 F.3d 201 (5th Cir. 2004) ..................................................................... 9

*In re Volkswagen of Am., Inc.*, 545 F.3d 304 (5th Cir. 2008) .................................................... 4, 5

*In re Zimmer Holdings, Inc*., 609 F.3d 1378 (Fed. Cir. 2010) ..................................................... 11

*McCloud v. McClinton Energy Grp.*, L.L.C., No. 5:14-CV-620- XR, 2014 WL 6388417 (W.D. Tex. Nov. 14, 2014) ........................................................................................................ 7

*MicroPairing Techs. LLC v. Toyota Motor Mfg. Tex*as, Inc., No. 6-20-CV-01001-ADA, 2021 WL 4526704 (W.D. Tex. Oct. 1, 2021) ............................................................................... 10

*Mimedx Grp., Inc. v. Texas Hum. Biologics, Ltd.*, No. 1:14-CV-464-LY, 2014 WL 12479284
 (W.D. Tex. Aug. 12, 2014) ............................................................................................... 10

*Neo Wireless, LLC v. Dell Techs., Inc., et.al.*, No. 6:21-CV-00024-ADA, Dkt. 60 (W.D. Tex.
 Jan. 20, 2022) ............................................................................................................ passim

*Sonrai Memory Ltd. v. Oracle Corp.*, No. 6:21-CV-00116-ADA, 2022 WL 315023 (W.D. Tex.
 Feb. 2, 2022) ................................................................................................................ 6, 13

*VLSI Tech. LLC v. Intel Corp.*, 6:19-CV-00254-ADA, 2019 WL 8013949 (W.D. Tex. Oct. 7,
 2019) ................................................................................................................................. 7

**Statutes**

28 U.S.C. § 1400 ..................................................................................................................... 5

28 U.S.C. § 1404 .................................................................................................................. 1, 4

**I.  INTRODUCTION**

Zoho respectfully requests that the Court transfer this case from the Waco Division of the Western District of Texas ("WDTX") to the Austin Division pursuant to 28 U.S.C. § 1404(a). This action has no relevant connection to the Waco Division, and the Austin Division, where both Zoho's and Plaintiff AK Meeting's offices are located, is clearly the more convenient venue for this dispute.

Plaintiff should have filed this case in the Austin Division, where it maintains its principal place of business and where its sources of proof and witnesses presumably reside. More importantly, the Austin Division is also home to Zoho's largest U.S. office, comprised of approximately 360 acres and 80 employees, including the Zoho employees responsible for the directing the development of Zoho Meeting and the sales efforts of Zoho Meeting, Zoho Show, and Zoho Assist (the "Accused Products").  Sources of proof for this case, including documents relevant to the sales, marketing and financial operations of the Accused Products, are also located or more easily accessible in the Austin Division.  In sharp contrast, there are no Zoho facilities, employees, witnesses, or relevant documents in the Waco Division.  By all accounts, AK Meeting also has no facilities, employees, witnesses, or relevant documents in the Waco Division.  The Austin Division also clearly has a greater local interest in the outcome of this case than Waco.  That is where Zoho operates its business, its relevant employees work and reside, its facilities and documents are, and the U.S. events giving rise to this suit occurred.

Indeed, the Court recently granted transfer under even fewer compelling facts than those presented in this motion.  *See Neo Wireless, LLC v. Dell Techs., Inc*., No. 6:21-CV-00024-ADA, Dkt. 60 (W.D. Tex. Jan. 20, 2022) (granting transfer to the Austin Division because the ease of access to proof, witness convenience, and local interest favored transfer); *Sonrai Memory Ltd. v.*

1

*Oracle Corp.*, No. 6:21-CV-00116-ADA, 2022 WL 315023 (W.D. Tex. Feb. 2, 2022) (same). In both cases, transfer was granted to Austin under similar facts even though plaintiffs' offices were outside of Austin. This case more strongly compels the same result because Plaintiff's principal place of business is actually ***in Austin***. The Court should grant Zoho's motion and transfer this action to the Austin Division.

## II.  FACTUAL BACKGROUND

### A.  Zoho Has No Connection to the Waco Division; Its Largest U.S. Office and Its Key Witnesses are in the Austin Division

Zoho is a California corporation headquartered in Pleasanton, California. *See* Declaration of Raju Vegesna ("Vegesna Decl.") ¶ 4. Zoho's parent company, Zoho Corporation Pvt. Ltd., is headquartered in Chennai, India. *Id.* ¶ 3. Zoho maintains five other offices in the U.S., including the following:

- Austin (4708 HWY 71 E, Del Valle, TX 78617);
- New Braunfels (255 Saengerhalle Rd., New Braunfels, TX 78130);
- McAllen (3600 Formosa Ave., McAllen, TX 78503);
- Dallas (1100 Empire Central Pl., Dallas, TX 75247); and
- Quincy (Intergate Quincy II LLC, Building A, 2200 M St. NE, Quincy, WA, 98848).

*Id.* ¶ 5.

Zoho's Austin office is approximately 12 miles from the Austin courthouse, spans around 360 acres and has approximately 80 employees, the most among Zoho's U.S. offices. Marton Decl., Ex. 1; Vegesna Decl. ¶ 6. Zoho employees who have the most knowledge regarding the design, development, sales, marketing, and financial operations of the Accused Products are based in the Austin area. *See* Vegesna Decl. ¶ 9; Declaration of Joel Victorian ("Victorian Decl.") ¶ 5. The Zoho executive who directed the development of Zoho Meeting, Raju Vegesna,

2

Chief Evangelist for Zoho, resides in Austin. *Id.* ¶ 2, 7, 8. Joel Victorian, National Director of Sales for Zoho, who leads the U.S. sales of the Accused Products is based in Zoho's Austin office and resides nearby in Round Rock, TX. *See* Victorian Decl." ¶ 2-5. Documents relevant to the sales, marketing and financial operations of the Accused Products, are also located in the Austin area. *See* Vegesna Decl. ¶ 10. Source code for the accused technology will be made available at Zoho's Austin office or Zoho's counsel's Austin office. *See id.* ¶ 11. Zoho has no facilities in the Waco Division and is unaware of any Zoho employees or relevant documents (or any other sources of proof) in the Waco area. *See id.* ¶ 12.

> **B.  AK Meeting Also Has No Connection to the Waco Division; Its Principal Place of Business is in Austin**

Although public details are scarce, AK Meeting appears to be a patent-assertion entity recently formed on December 20, 2021. *See* Marton Decl., Ex. 2. On December 30, 2021, AK Meeting acquired the Asserted Patents from the inventor, Alexander Kropivny, who appears to reside in Burnaby, British Columbia, Canada. *Id.*, Exs. 3-4, Dkt. 8-3, 8-4. Plaintiff's First Amended Complaint ("FAC") admits that AK Meeting is a Texas limited liability corporation with its principal place of business located at 5900 Balcones Drive, Suite 100, Austin, Texas 78731. *See* FAC, Dkt. 8 ¶ 1. The FAC alleges no connection whatsoever between AK Meeting and the Waco Division, and a search of publicly available information uncovered no facilities, employees, or relevant information connecting AK Meeting to Waco in any way. *See generally* FAC; Marton Decl., Ex. 5.

> **C.  This Case and Related Matters**

Plaintiff filed this patent infringement suit against Zoho on March 8, 2022, asserting two patents, U.S. Patent Nos. 8,627,211 and 10,963,124 (the "Asserted Patents"). That same day Plaintiff filed six other lawsuits involving the same Asserted Patents, including in EDTX and

NDTX.  *See* Marton Decl. ¶ 8 (summary of seven lawsuits filed by Plaintiff on the Asserted Patents, consisting of five in WDTX, one in EDTX, and one in NDTX).  Three of these lawsuits have already been dismissed.  *Id.*  This case, and the other three remaining cases, are in their very early stages.  *Id.*  No scheduling order has issued in any of them, and in one case another defendant has already similarly moved for intra-district transfer to the Austin Division.  *Id.*

### III.   LEGAL STANDARD

A civil action may be transferred "[f]or the convenience of parties and witnesses, in the interest[s] of justice" to "any other district or division where it might have been brought." 28 U.S.C. § 1404(a).  Section 1404(a) applies "as much to transfers between divisions of the same district as to transfers from one district to another."  *In re Radmax, Ltd.*, 720 F.3d 285, 288 (5th Cir. 2013); *see also Identity Security LLC v. Apple Inc.*, No. 1:22-CV-00058-LY, Dkt. 59 at 2 (W.D. Tex. Jan. 25, 2022) (J. Albright) ("It is well settled that trial courts have even greater discretion in granting intra-district transfers than they do in the case of inter-district transfers.")*.* The party seeking transfer must show "good cause" and, if "the transferee venue is clearly more convenient," the court should transfer.  *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (*en banc*) ("*Volkswagen II*"); *see also Datascape, Ltd. v. Dell Techs.*, Inc., No. 6:19-CV-00129-ADA, 2019 WL 4254069, at *1-2 (W.D. Tex. June 7, 2019).  It is an abuse of discretion not to transfer a case to a transferee forum that is "clearly more convenient." *Volkswagen II*, 545 F.3d at 315.

In determining whether transfer is appropriate under § 1404(a), courts first consider "whether a civil action 'might have been brought' in the destination venue." *Id.* at 312.  If so, courts weigh the relative convenience of the venue based on: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses;

4

(3) the cost of attendance for willing witnesses; (4) all other practical problems that make trial of a case easy, expeditious and inexpensive; (5) the administrative difficulties flowing from court congestion; (6) the local interest in having localized interests decided at home; (7) the familiarity of the forum with the law that will govern the case; and (8) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." *Radmax*, 720 F.3d at 288 (citing *Volkswagen II*, 545 F.3d at 315). A court should not deny transfer "where only the plaintiff's choice weighs in favor of denying transfer and where the case has no connection to the transferor forum and virtually all of the events and witnesses regarding the case . . . are in the transferee forum." *Radmax*, 720 F.3d at 290.

### IV. AK MEETING COULD HAVE BROUGHT THIS ACTION IN AUSTIN

A patent infringement case may be brought in "the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b). This threshold inquiry is met. Zoho has a regular and established place of business in the Austin Division and the accused acts occurred in the Austin Division. *See* Vegesna Decl. ¶ 6-7; Victorian Decl. ¶ 5.

### V. THE AUSTIN DIVISION IS CLEARLY MORE CONVENIENT THAN THE WACO DIVISION

No party to this action has any relevant connection to the Waco Division; the relevant connections are to the Austin Division. AK Meeting's "principal place of business [is] located at 5900 Balcones Drive, Suite 100, Austin, Texas 78731." FAC ¶ 1. Zoho's Austin office is located 12 miles from the Austin courthouse, and comprised of approximately 80 employees, including the witnesses Zoho intends to call at trial. *See* Marton Decl., Ex. 1; Vegesna Decl. ¶ 6, 8; Victorian Decl. ¶ 3.

In cases such as these, where the relevant connections are to Austin, and none are to Waco, this Court has repeatedly granted transfer. In *Neo Wireless* and *Sonrai Memory*, this Court addressed less compelling facts and granted intra-district transfer from the Waco Division to the Austin Division. In both cases (as is the case here), none of the parties were based in Waco, defendants had employee witnesses in the Austin Division, sources of proof were located in the Austin Division, local interests favored transfer, and none of the arguments proffered by plaintiffs outweighed the fact that the relevant connections were to Austin, not Waco. *See Neo Wireless*, No. 6:21-CV-00024-ADA, Dkt. 60; *Sonrai Memory*, 2022 WL 315023. Notably, in *Neo Wireless* and *Sonrai Memory*, this Court granted transfer to Austin, notwithstanding the fact that plaintiffs maintained their principal places of business outside of Austin. Here, AK Meeting's principal place of business is actually ***in Austin***, making it even more clear that the factors weigh in favor of transfer to the Austin Division.

### A.   The "Relative Ease of Access to Sources of Proof" Strongly Favors Transfer

The relative ease of access to sources of proof factor weighs strongly in favor of transfer here. Under this factor, "the question is *relative* ease of access, not *absolute* ease of access." *Datascape*, 2019 WL 4254069, at *2 (*citing Radmax,* 720 F.3d at 288) (emphasis in original). Thus, if access to sources of proof is relatively easier in Austin than in Waco, this factor supports transfer.

"In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer. Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location." *In re Apple Inc.*, 979 F.3d 1332, 1340 (Fed. Cir. 2020) (citation omitted). Zoho's relevant documents are located in or more easily accessible from its Austin office. Documents relevant to the sales, marketing, and financial operations of the Accused Products are located in the Austin Division. *See* Vegesna Decl. ¶ 10. Source code for

the Accused Products will also be made available at Zoho's Austin office or Zoho's counsel's Austin office. *See id.* ¶ 11; *see also VLSI Tech. LLC v. Intel Corp.*, 6:19-CV-00254-ADA, 2019 WL 8013949, at *3 (W.D. Tex. Oct. 7, 2019) ("[G]iven that Intel has a campus in Austin, but not in Waco, it is easier to access Intel's electronic documents from Austin than from Waco."). Further, AK Meeting maintains its principal place of business in Austin, where presumably most, if not all, of its relevant documents would be. *See* FAC ¶ 1.

Critically, Zoho is not aware of any relevant documents, information, servers, or any other sources of proof in the Waco Division. *See* Vegesna Decl. ¶ 12. Under these circumstances, the relative ease of access to the sources of proof heavily favors transfer to Austin. *See Neo Wireless*, No. 6:21-CV-00024-ADA, Dkt. 60 at 5 ("Although [plaintiff] correctly notes that these documents could easily be produced in the nearby Waco Division, they are still more easily accessible in Austin. And the fact that no relevant evidence resides in the Waco Division, a point that [plaintiff] does not contest, means that this factor weighs in favor of transfer to Austin."); *McCloud v. McClinton Energy Grp.*, L.L.C., No. 5:14-CV-620- XR, 2014 WL 6388417, at *3 (W.D. Tex. Nov. 14, 2014) (finding that this factor weighed in favor of transfer where plaintiffs could "point to *no* evidence" located within transferor division) (emphasis in original).

### B.     The "Cost of Attendance of Willing Witnesses" Strongly Favors Transfer

"The convenience of the witnesses is probably the single most important factor in transfer analysis." *In re Genentech, Inc.*, 566 F.3d 1338, 1343 (Fed. Cir. 2009) (citation omitted). "[W]hen the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled." *Id.* This factor also heavily favors transfer.

Austin is clearly more convenient for all party witnesses. AK Meeting maintains its principal place of business in Austin, where its witnesses presumably reside. *See* FAC ¶ 1. Relevant Zoho employees also reside in or near Austin. Raju Vegesna, Chief Evangelist of Zoho, who directed the development of Zoho Meeting, resides in Austin. *See* Vegesna Decl. ¶ 7,8. He is the Zoho employee with the most knowledge regarding the design, development, and marketing of the Accused Products. *See id.* ¶ 9. Joel Victorian, National Director of Sales, leads the U.S. sales of the Accused Products, and is the Zoho employee with the most knowledge on the sales and financial operations of the Accused Products. He works out of Zoho's Austin office and resides near Austin, in Round Rock. *See* Victorian Decl. ¶ 2-5.

For witnesses who are in Austin, travel to Waco—nearly 100 miles away—will be burdensome and inconvenient, as it will require more travel time and time away from work and home, and impose additional expense. *See* Marton Decl., Ex. 6. These burdens are unnecessary when this District has a courthouse in Austin and both parties also have offices Austin and none in Waco. *See* Vegesna Decl. ¶ 5, 12; FAC ¶ 1, Marton Decl., Ex. 5. Further, should this suit require the testimony of Zoho's parent company's headquartered in India, Zoho's Austin facility will afford these witnesses, regardless of their residency, the opportunity to work at Zoho's facilities if and when they need to travel to Austin. *See* Vegesna Decl. ¶ 3; *see also Hammond Dev. Int'l, Inc. v. Amazon.com, Inc.*, No. 6:19-CV-00355-ADA, 2020 WL 6136783, at *4 (W.D. Tex. Mar. 30, 2020) (finding the convenience of witnesses weighed in favor of transfer to Austin, where the defendant had offices in Austin, and out of town witnesses "can work in the Austin offices").

Because the Austin Division is clearly more convenient for party and non-party witnesses, and no known witnesses reside in or closer to the Waco Division, this factor weighs

8

heavily in favor of transfer to Austin. *See Corrino Holdings LLC v. Expedia, Inc.*, No. 6:20-CV-309-ADA, 2022 WL 1094621, at *4 (W.D. Tex. Apr. 12, 2022) (finding this factor favored transfer because "[defendant] has shown that there are individuals with knowledge relevant to design, development, and marketing of the Accused Instrumentalities who reside in the Austin Division. At least some of its trial witnesses will be pulled from the 1,400 employees who work in the Austin Expedia and subsidiary offices. And for those witnesses traveling from out of state, trial in the Austin Division would likely be easier to get to and cheaper. Neither party identifies any witness that resides in the Waco Division."); *see also Datascape*, 2019 WL 4254069, at *2 (finding this factor supported transfer because defendants identified "employees hav[ing] knowledge of [defendant's] marketing and sales of the accused products and their financial performance" in Austin, "[plaintiff] identified *no* such witnesses in Waco," and "[defendant] has no employees located in the Waco Division who have any responsibilities related to [the accused] products") (internal citations omitted).

### D. The "Other Practical Problems" Factor is Neutral

This factor looks at "all other practical problems that make trial of a case easy, expeditious and inexpensive." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("*Volkswagen I*"). Judicial economy is "just one relevant consideration in determining how administration of the court system would best be served in deciding a transfer motion" and the "proper administration of justice may be to transfer to the far more convenient venue even when the trial court has some familiarity with a matter from prior litigation." *In re Apple, Inc.*, 581 F. App'x 886, 889 (Fed. Cir. 2014) (citations omitted). "[T]o interpret 1404(a) to hold that any prior suit involving the same patent can override a compelling showing of transfer would be inconsistent with the policies underlying 1404(a)." *In re Morgan Stanley*, 417 F. App'x 947, 949 (Fed. Cir. 2011) (citation omitted).

9

Here, this factor is neutral. As an initial matter, there is no "prior litigation" or "prior suit" that should weigh against transfer. All other cases involving the Asserted Patents, including the three pending in this District, and the three that already have been dismissed, were filed on the same day by Plaintiff. *See* Marton Decl. ¶ 8. Regardless, this case is in its early stages. No scheduling order has been entered, no discovery has been conducted, and no substantive analysis of the Asserted Patents has been undertaken by the Court. *See id.*; *see also Mimedx Grp., Inc. v. Texas Hum. Biologics, Ltd.*, No. 1:14-CV-464-LY, 2014 WL 12479284, at *2 (W.D. Tex. Aug. 12, 2014); *see also Parus Holdings Inc. v. LG Elecs. Inc.*, No. 6:19-CV-00432-ADA, 2020 WL 4905809, at *7 (W.D. Tex. Aug. 20, 2020) ("[T]his case is in its early stages, meaning any increase in judicial economy from the Court's experience in these early stages of litigation is likely to be limited."). In fact, ***none*** of cases filed by Plaintiff has moved past their early stages, and one defendant, Lifesize, has also already moved to transfer from Waco to the Austin Division, further undercutting any potential judicial economy gains, especially if its transfer motion is granted. *See AK Meeting IP LLC v. Lifesize, Inc.*, No. 6-22-cv-00251, Dkt. 6 (W.D. Tex. Mar. 30, 2022); *see also* Marton Decl. ¶ 8. And the fact that Plaintiff concurrently filed lawsuits in three different venues (WDTX, EDTX and NDTX), suggests that Plaintiff would not be averse to litigating these patents in parallel actions in multiple courts. *See* Marton Decl. ¶ 8. Additionally, the pending cases in this District involve "different defendants, products, and witnesses" and therefore they "will not necessarily be expedited by being in the same court." *MicroPairing Techs. LLC v. Toyota Motor Mfg. Tex*as, Inc., No. 6-20-CV-01001-ADA, 2021 WL 4526704, at *5 (W.D. Tex. Oct. 1, 2021); *see also In re Apple Inc.*, No. 2021-181, 2021 WL 5291804, at *4 (Fed. Cir. Nov. 15, 2021).

Finally, even if the Court were to consider any other co-pending suit, this does not "negate[] the significance of having trial close to where most of the identified witnesses reside and where the other convenience factors clearly favor." *In re Zimmer Holdings, Inc.*, 609 F.3d 1378, 1382 (Fed. Cir. 2010); *see also In re DISH Network L.L.C.*, No. 2021-182, 2021 WL 4911981, at *3 (Fed. Cir. Oct. 21, 2021) ("reject[ing] as a general proposition that the mere co-pendency of infringement suits in a particular district automatically tips the balance in the non-movant's favor.") (citation omitted); *In re Samsung Elecs. Co.*, 2 F.4th 1371, 1380 (Fed. Cir. 2021) (any "incremental gains in keeping these cases in the Western District of Texas simply are not insufficient to justify overriding the inconvenience to the parties and witnesses."); *In re Google Inc.*, 2017-107, 2017 WL 977038, at *2 (Fed. Cir. 2018) (clear error to put aside convenience considerations to allow co-pending litigation to dominate transfer analysis).

### D. The "Court Congestion" Factor is Neutral

As this Court has noted on prior occasions, the factor involving court congestion is "the most speculative." *See Neo Wireless*, No. 6:21-CV-00024-ADA, Dkt. 60 at 10; *see also Genentech*, 566 F.3d at 1347 (stating "case-disposition statistics may not always tell the whole story"). Zoho is not aware of any recent statistics indicating significant congestion in either Division, such that efficiency would strongly favor one over the other. *See Apple*, 979 F.3d at 1344 ("[A] court's general ability to set a fast-paced schedule is not particularly relevant to this factor."). When, as here, "other relevant factors weigh in favor of transfer or are neutral," "the speed of the transferee district court should not alone outweigh those other factors." *In re Juniper Networks, Inc.*, 14 F.4th 1313, 1322 (Fed. Cir. 2021).

### E. The "Local Interests" Factor Strongly Favors Transfer

"The Supreme Court has long held that there is 'a local interest in having localized controversies decided at home.'" *Samsung Elecs.*, 2 F.4th at 1380 (citation omitted). Local

11

interests in a patent case "are not a fiction." *Id*. This factor "strongly" favors transfer where, as here, the transferee forum has "significant connections to the events that gave rise to [the] suit." *In re Apple Inc.*, No. 2021-181, 2021 WL 5291804, at *5 (Fed. Cir. Nov. 15, 2021). To determine which division has the stronger local interest, courts look to where the events forming the basis for infringement occurred. *See Juniper Networks*, 14 F.4th at 1319 (finding it "sufficient to give the transferee venue a greater localized interest," where "the events forming the basis for [plaintiff's] infringement claims occurred mainly in the [transferee venue]; none occurred in the [transferor venue]").

Here, the Austin Division clearly has a stronger local interest than the Waco Division. AK Meeting's principal place of business is in Austin. *See* FAC ¶ 1. The U.S. events giving rise to this action occurred out of the Austin Division. Zoho's Austin office encompasses 360 acres and employs around 80 employees. Vegesna Decl. ¶ 6. Zoho's relevant employees and presumably, AK Meeting's relevant witnesses, reside in the Austin Division. Vegesna Decl. ¶ 8-9; Victorian Decl. ¶ 3, 5. Notably, the Zoho employees responsible for directing the development of Zoho Meeting and sales efforts of the Accused Products are based in the Austin area. *See* Vegesna Decl. ¶ 7-8; Victorian Decl. ¶ 3, 5; *see also Neo Wireless*, No. 6:21-CV-00024-ADA, Dkt. 60 at 12 ("[b]ecause this case could call into question the work and reputation of several individuals who work in the community, the Austin Division would have a significant localized interest.").

Conversely, there is *no* local interest in litigating this dispute in the Waco Division. Neither AK Meeting nor Zoho has any relevant contacts with the Waco Division. *See generally* FAC; *see also* Vegesna Decl. ¶ 12. As in *Sonrai Memory*, where the Court concluded that the local interests favored transfer because defendant had facilities and employees located in the

12

transferee division, including employees who sell the accused product, the same is true here. *See Sonrai Memory*, 2022 WL 315023, at * 4 "(This campus includes Oracle's employees who sell the accused product. The salespeople will have an interest in whether they infringe or not. Thus, this factor favors transfer, and the Court does not discount the weight of this factor."). The local interests factor therefore weighs heavily in favor of transfer.

### F.  All Other Factors are Neutral, None Weigh Against Transfer

The remaining factors are neutral. First, the compulsory subpoena power for unwilling third-party witnesses is the same for both the Austin and Waco Divisions. *See Corrino*, 2022 WL 1094621, at *3 ("Both divisions would have the same subpoena power because they are in the same district."). Second, both Divisions are familiar with and equally capable of applying federal patent law, and neither would present a conflict of law or require the application of foreign law.

## III.  CONCLUSION

For the foregoing reasons, Zoho respectfully requests that the Court transfer this case to the Austin Division.

| | |
|---|---|
| Date: August 2, 2022 | */s/ Ryan J. Marton* |

        Ryan J. Marton (*admitted Pro Hac Vice*)
        ryan@martonribera.com
        Carolyn Chang (*admitted Pro Hac Vice*)
        carolyn@martonribera.com
        Phillip Haack (*admitted Pro Hac Vice*)
        phaack@martonribera.com
        MARTON RIBERA SCHUMANN & CHANG LLP
        548 Market Street, Suite 36117
        San Francisco, CA 94104
        Tel: 415.360.2511

        Darryl J. Adams (TX Bar No. 00796101)
        dadams@sgbfirm.com
        SLAYDEN GRUBERT BEARD PLLC
        401 Congress Ave., Suite 1650
        Austin, TX 78701
        Tel: 512.402.3550
        Fax: 512.402.6865

        *Attorneys for Defendant Zoho Corporation*

**CERTIFICATE OF CONFERENCE**

I hereby certify that counsel for Zoho conferred with counsel for AK Meeting regarding this motion on July 28, 2022, and that AK Meeting indicated that it opposed this motion.

Dated: August 2, 2022                                          */s/ Ryan J. Marton*
                                                                                  Ryan J. Marton

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing is being served on the counsel of record via the CM/ECF system on August 2, 2022.

Dated: August 2, 2022                                          */s/ Ryan J. Marton*
                                                                                  Ryan J. Marton