UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| AK MEETING IP LLC, § § § § § § § § § § § | |
| Plaintiff, | |
| v. | Civil Action No. 1:22-cv-01165-LY |
| ZOHO CORPORATION, | |
| Defendant. | |

**DEFENDANT ZOHO CORPORATION'S OPPOSED MOTION
TO STAY PENDING *INTER PARTES* REVIEW**

**TABLE OF CONTENTS**

I.     INTRODUCTION ...................................................................................................................1

II.    BACKGROUND .....................................................................................................................1

III.   LEGAL STANDARD ..............................................................................................................3

IV.    ARGUMENT ...........................................................................................................................4

       A.     A Stay Will Simplify Issues for These Proceedings and Trial ................................4

       B.     This Case Is Still In Its Infancy, Weighing in Favor of a Stay ................................7

       C.     A Stay Will Not Unduly Prejudice AK Meeting, a Non-Practicing Entity ............8

V.     CONCLUSION ........................................................................................................................9

# TABLE OF AUTHORITIES

**Cases**

*AK Meeting IP LLC v. Adobe Inc.*,
  6:22-cv-00247-ADA (W.D. Tex.) ........................................................................................ 3

*AK Meeting IP LLC v. Atos IT Sol. and Servs. Inc.*,
  3:22-cv-00550-B (N.D. Tex.) .............................................................................................. 3

*AK Meeting IP LLC v. Fuze, Inc.*,
  6:22-cv-00249-ADA (W.D. Tex.) ........................................................................................ 3

*AK Meeting IP LLC v. Juniper Networks, Inc.*,
  2:22-cv-00073-JRG-RSP (E.D. Tex.) .................................................................................. 3

*AK Meeting IP LLC v. Lifesize, Inc.*,
  6:22-cv-00251-ADA (W.D. Tex.)) ....................................................................................... 3

*AK Meeting v. Cisco Systems, Inc.*,
  6:22-cv-00248-ADA (W.D. Tex.) ........................................................................................ 3

*Anza Tech., Inc. v. Avant Tech., Inc.*,
  No. A-17-CV-01193-LY, 2018 WL 11314191 (W.D. Tex. Nov. 15, 2018) ................. 3, 7, 8

*Armor All/STP Prods. Co. v. Aerospace Commc'ns Holdings Co.*,
  No. 6:15-CV-781, 2016 WL 6397269 (E.D. Tex. Oct. 28, 2016) ......................................... 5

*Aylus Networks, Inc. v. Apple Inc.*,
  856 F.3d 1353 (Fed. Cir. 2017) ............................................................................................ 7

*Bell Semiconductor, LLC v. NXP Semiconductors, N.V.*,
  No. 1:20-CV-611-LY, 2022 WL 1447948 (W.D. Tex. Feb. 7, 2022) ............................ passim

*Crossroads Sys., Inc. v. Dot Hill Sys. Corp.*,
  No. A-13-CA-800-SS, 2015 WL 3773014 (W.D. Tex. June 16, 2015) .......................... 5, 8, 9

*Cywee Grp. Ltd v. Samsung Elecs. Co.*,
  No. 2:17-CV-00140-WCB-RSP, 2019 WL 11023976 (E.D. Tex. Feb. 14, 2019) ................ 4

*Evolutionary Intel. LLC v. Yelp Inc.*,
  No. C-13-03587 DMR, 2013 WL 6672451 (N.D. Cal. Dec. 18, 2013) ................................ 7

*E-Watch, Inc. v. Lorex Canada, Inc.*,
  No. CIV.A. H-12-3314, 2013 WL 5425298 (S.D. Tex. Sept. 26, 2013) ............................... 6

**TABLE OF AUTHORITIES (Continued)**

*Finjan, Inc. v. Symantec Corp.*,
   139 F. Supp. 3d 1032 (N.D. Cal. 2015) .................................................................................. 7

*IOENGINE, LLC v. PayPal Holdings, Inc.*,
   No. 18-452-WCB, 2019 WL 3943058 (D. Del. Aug. 21, 2019) ............................................. 6

*Landmark Tech., LLC v. iRobot Corp.*,
   No. 6:13-cv-411-JDL, 2014 WL 486836 (E.D. Tex. Jan. 24, 2014) ....................................... 8

*LELO, Inc. v. Standard Innovation (US) Corp.*,
   No. 13-CV-01393-JD, 2014 WL 2879851 (N.D. Cal. June 24, 2014) .................................... 6

*Lubrizol Specialty Prods., Inc. v. Baker Hughes Inc.*,
   No. H-15-2915, 2017 WL 2255579 (S.D. Tex. May 23, 2017)............................................... 6

*Murata Machinery USA v. Daifuku Co.*,
   830 F.3d 1357 (Fed. Cir. 2016).............................................................................................. 4

*NFC Tech. LLC v. HTC Am., Inc.*,
   No. 2:13-CV-1058-WCB, 2015 WL 1069111 (E.D. Tex. Mar. 11, 2015)...................... 5, 6, 9

*SSL Servs., LLC v. Cisco Sys., Inc.*,
   No. 2:15-cv-433-JRG-RSP, 2016 WL 3523871 (E.D. Tex. June 28, 2016) ........................... 4

*Stingray Music USA, Inc., v. Music Choice*,
   No. 2:16-CV-00586-JRG-RSP, 2017 WL 9885167 (E.D. Tex. Dec. 12, 2017)...................... 9

*Symantec Corp. v. Zscaler, Inc.*,
   No. 17-CV-04426-JST, 2018 WL 3539267 (N.D. Cal. July 23, 2018).................................. 9

*The Procter & Gamble Co. v. Cao Group, Inc.*,
   No. 1:13-CV-337, 2014 WL 3573597 (S.D. Ohio July 21, 2014).......................................... 7

*Uniloc 2017 LLC v. LG Elecs. U.S.A., Inc.*,
   No. 3:18-CV-3071-N, 2020 WL 374545 (N.D. Tex. Jan. 23, 2020)....................................... 9

*VirtualAgility, Inc. v. Salesforce.com, Inc.*,
   759 F.3d 1307 (Fed. Cir. 2014).......................................................................................... 5, 8

**Other Authorities**

77 Fed. Reg. 48680, 48721 (Aug. 14, 2012)................................................................................ 7

**I.      INTRODUCTION**

Zoho Corporation ("Zoho") respectfully requests this Court stay this case pending final determination of the *inter partes* review proceeding ("IPR") of U.S. Patent No. 10,963,124 (the "'124 patent"). On Jan. 9, 2023, the PTAB issued a decision instituting the IPR against all claims of the '124 patent, finding a reasonable likelihood that the petitioner will prevail. Thus, a stay pending the IPR's outcome is warranted in view of the relevant factors applied by the Court.

*First*, a stay will simplify the issues in this district court proceeding. The IPR encompasses all claims of the '124 patent, which is one of two patents asserted by Plaintiff AK Meeting IP, LLC ("AK Meeting") in this case. A stay will thus likely eliminate, or at minimum, simplify, many infringement and invalidity issues in this case, and potentially eliminate one of the asserted patents in its entirety. *Second*, this case is in its very early stages. The pleadings are not set, no contentions have been exchanged, no written discovery has been conducted, there has been no claim construction, and no trial date has been set. Indeed, this case was already stayed once after its transfer to the Austin Division, and that stay was only recently lifted on Jan. 18, 2023. A stay pending outcome of the IPR will significantly lessen the burden on the Court and the parties. *Finally*, a stay will not unduly prejudice AK Meeting. AK Meeting is a non-practicing entity that does not compete against Zoho. AK Meeting has not sought any preliminary injunctive relief and contends it can be fully compensated by a damages award if it were to later prevail in this case. There is no urgency in having this case proceed now. Because the relevant factors weigh in favor of this Court's exercise of its inherent power to stay this case, Zoho's motion should be granted.

**II.     BACKGROUND**

AK Meeting is a Texas limited liability corporation in Austin, Texas and a non-practicing entity. D.I. 8 ("FAC"); D.I. 20 at 3. Zoho is a California corporation and a subsidiary of the

1

Indian company Zoho Corporation Pvt. Ltd. ("ZCPL"), one of the world's leading providers of web-based business software and information technology tools. D.I. 20 at 2. On March 8, 2022, Plaintiff filed this complaint against Zoho for infringement of the '124 patent and U.S. Patent No. 8,627,211 (the "'211 patent") (collectively, the "patents-in-suit"). D.I. 1. On May 6, 2022, AK Meeting amended its complaint, attaching corrected charts, reflecting Zoho Meeting, Zoho Show, and Zoho Assist (collectively, the "accused products") as purportedly infringing the patents-in-suit. *Compare id.*, Exs. A, B *with* D.I. 8, Exs. A, B.

On June 27, 2022, Zoho filed its Rule 12(b)(6) motion to dismiss. D.I. 15. In its motion, Zoho seeks dismissal on the grounds that Plaintiff's infringement theory appears to rely on disparate features of three distinct Zoho products without explaining how these unrelated products work in concert to infringe any claim of either patent. D.I. 15 at 6-8, 11-14; D.I. 19 at 5-8. Zoho also seeks dismissal because Plaintiff ignores a material limitation in the '211 patent and a material limitation in the '124 patent, whereby the accused products cannot plausibly infringe. D.I. 15 at 9-11, 14-15; D.I. 19 at 2-5. Zoho's motion has been fully briefed since July 18, 2022 and remains pending. D.I. 15, 18, 19; D.I. 31 (referral order for report and recommendation).

Shortly after completing briefing on the motion to dismiss, the parties agreed to transfer this case to the Austin Division (D.I. 23, 26, 27), and the case was transferred on Nov. 10, 2022. The Court stayed the case on Nov. 21, 2022 and set a status conference for Jan. 17, 2023. Following the status conference, on Jan. 18, 2023, the Court entered a Pre-*Markman* Scheduling Order and lifted the stay. D.I. 32. Under the Pre-*Markman* Scheduling Order, infringement contentions are not due until March 17, 2023, invalidity contentions are not due until May 16, 2023, and the *Markman* hearing is not set until Sept. 21, 2023. Thus, though this case was filed over 10 months ago, it is only in its very early stages: Zoho's motion to dismiss remains pending, the pleadings are not set, no

disclosures have been exchanged, no discovery has been done, claim construction has not taken place, and no trial date is set.

On Jan. 9, 2023, the PTAB issued its decision granting institution of *inter partes* review of the '124 patent filed by Unified Patents, LLC.  Exhibit 1 (IPR2022-01142).  Unified Patents' IPR challenges the patentability of all claims (1-14) of the '124 patent.  In granting institution, the PTAB found that petitioner had demonstrated "a reasonable likelihood it would prevail in showing that claims of the '124 patent unpatentable under the presented grounds." *Id.* at 2.  The presumptive date by which the PTAB will issue its final decision is no later than one year from institution, *i.e.*, Jan. 9, 2024.  35 U.S.C. § 316(a)(11).  In the Petition, six other related cases are identified, all which were also filed by Plaintiff on March 8, 2022.  Of these, three have been terminated,[1] and in two others, Plaintiff has stipulated to a stay pending the IPR's outcome. *See AK Meeting IP LLC v. Fuze, Inc.*, 6:22-cv-00249-ADA (W.D. Tex. Mar. 8, 2022) (joint motion to stay granted on Jan. 16, 2023); *AK Meeting v. Cisco Systems, Inc.*, 6:22-cv-00248-ADA (W.D. Tex.) (joint motion to stay granted on Jan. 22, 2023).  Only this case and one other (*AK Meeting IP LLC v. Lifesize, Inc.*, 6:22-cv-00251-ADA (W.D. Tex.)) remain active and pending.

**III.    LEGAL STANDARD**

Courts have inherent power to manage their dockets and stay proceedings, including the authority to order a stay.  *Bell Semiconductor, LLC v. NXP Semiconductors, N.V.*, No. 1:20-CV-611-LY, 2022 WL 1447948, at *2 (W.D. Tex. Feb. 7, 2022), citing *Ethicon, Inc. v. Quigg*, 849 F.2d 1422 (Fed. Cir. 1988); *Anza Tech., Inc. v. Avant Tech., Inc.*, No. A-17-CV-01193-LY, 2018

---

[1] *See AK Meeting IP LLC v. Adobe Inc.*, 6:22-cv-00247-ADA (W.D. Tex.) (terminated June 28, 2022); *AK Meeting IP LLC v. Atos IT Sol. and Servs. Inc.*, 3:22-cv-00550-B (N.D. Tex.) (terminated May 12, 2022); *AK Meeting IP LLC v. Juniper Networks, Inc.*, 2:22-cv-00073-JRG-RSP (E.D. Tex.) (terminated Apr. 21, 2022).

WL 11314191, at *2 (W.D. Tex. Nov. 15, 2018); *SSL Servs., LLC v. Cisco Sys., Inc.*, No. 2:15-cv-433-JRG-RSP, 2016 WL 3523871, at *1 (E.D. Tex. June 28, 2016) (whether to stay pending IPR committed to district court's discretion) (citation omitted). "A stay is particularly justified when 'the outcome of a PTO proceeding is likely to assist the court in determining patent validity or eliminate the need to try infringement issues.'" *SSL Servs.*, 2016 WL 3523871, at *1 (citations omitted). As a result, district courts have recognized a "liberal policy" in favor of granting stays pending the resolution of instituted IPR proceedings. *Cywee Grp. Ltd v. Samsung Elecs. Co.*, No. 2:17-CV-00140-WCB-RSP, 2019 WL 11023976, at *3 (E.D. Tex. Feb. 14, 2019) (citing cases).

District courts generally consider three factors when determining whether to stay a case in light of IPR proceedings: (1) whether a stay will simplify the issues; (2) the status of the litigation at the time a stay is requested; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party. *Bell Semiconductor*, 2022 WL 1447948, at *2 (citation omitted). The Federal Circuit also has held that courts may consider whether a stay will reduce the burden of litigation on the court and the parties. *See Murata Machinery USA v. Daifuku Co.*, 830 F.3d 1357, 1362 (Fed. Cir. 2016) ("The burden litigation places on the court and the parties when [IPR] proceedings loom is one such consideration that district courts may rightfully choose to weigh.") (citation omitted).

IV.     **ARGUMENT**

Here, the stay factors strongly weigh in favor of a stay pending resolution of the IPR.

A.     **A Stay Will Simplify Issues for These Proceedings and Trial**

Here it is indisputable that a stay pending the outcome of the IPR has a substantial likelihood of simplifying this case by eliminating or significantly streamlining the claims and issues

for trial. The PTAB already has instituted the IPR on all claims of the '124 patent, finding there to be a "reasonable likelihood" that the IPR will be successful. *See* Exhibit 1 at 2, 22, 46, 53, 56. Here, the fact that the PTAB has instituted the IPR is a "highly significant factor" in determining whether to stay pending PTAB review because "this ordinarily means that there is a substantial likelihood of simplification." *Armor All/STP Prods. Co. v. Aerospace Commc'ns Holdings Co.*, No. 6:15-CV-781, 2016 WL 6397269, at *3 (E.D. Tex. Oct. 28, 2016) (noting "[p]arallel district court litigation ordinarily should be stayed" and that "courts generally grant motions to stay when the PTAB institutes *inter partes* review") (citation omitted); *see also NFC Tech. LLC v. HTC Am., Inc.*, No. 2:13-CV-1058-WCB, 2015 WL 1069111, at *6 (E.D. Tex. Mar. 11, 2015) (noting since *VirtualAgility, Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1317 (Fed. Cir. 2014) "courts have been nearly uniform" in granting motions to stay proceedings in the trial court after the PTAB has instituted IPR proceedings) (citing cases).

No matter its outcome, the IPR will have "clear and important implications for any subsequent proceedings" in this case, "which strongly militates in favor of a stay." *Crossroads Sys., Inc. v. Dot Hill Sys. Corp.*, No. A-13-CA-800-SS, 2015 WL 3773014, at *4 (W.D. Tex. June 16, 2015). The IPR may eliminate the entirety of the '124 patent. And although the '211 patent is not subject to the IPR, both patents share the same inventor and are largely directed to the same invention with overlapping subject matter and specifications.[2] Thus the IPR would not only potentially eliminate the entirety of one of the two patents-in-suit, but also provide the Court "the benefit of the expert agency's full and focused consideration" of any prior art, claim construction,

---

[2] *See, e.g.*, D.I. at 2-5; D.I. 19 at 1-3 (both patents having "server-client computer limitation" or "looped message limitation"); D.I. 8-3 at 1:29-32, 1:45-47 ('124 patent incorporating specification of related '211 patent); *compare* D.I. 8-3 at 6-42 *with* D.I 8-4 at 6-42 (sharing same drawings); *compare* D.I. 8-3 at 9:1-62:10 *with* D.I 8-4 at 13:25-65:14 (overlapping specification).

or other issues that may affect the validity of either patent.  *See NFC Tech.*, 2015 WL 1069111, at *4; *see also IOENGINE, LLC v. PayPal Holdings, Inc*., No. 18-452-WCB, 2019 WL 3943058, at *9 (D. Del. Aug. 21, 2019) (where only one of three related patents at issue in IPR, PTAB's construction of claims and assessment of art nevertheless "likely instructive" in district court litigation and granting stay) (citing cases).

Indeed it is well-settled that the IPR need not eliminate all patents or claims for this factor to weigh in favor of stay; courts regularly stay district court proceedings even when fewer than all patents or claims are subject to the IPR.  *See, e.g.*, *Bell Semiconductor*, 2022 WL 1447948, at *2, citing *LELO, Inc. v. Standard Innovation (US) Corp*., No. 13-CV-01393-JD, 2014 WL 2879851, at *3 (N.D. Cal. June 24, 2014) ("The standard is simplification of the district court case, not complete elimination of it by the PTAB.") and *E-Watch, Inc. v. Lorex Canada, Inc*., No. CIV.A. H-12-3314, 2013 WL 5425298, at *2 (S.D. Tex. Sept. 26, 2013) ("simplification of the issues," as opposed to "total resolution of the case," weighed in favor of stay); *IOENGINE*, 2019 WL 3943058, at *9 (noting "district courts have frequently issued stays in cases in which IPR proceedings have been instituted on fewer than all the claims asserted in the related litigation") (collecting cases).

Moreover, in addition to reducing the claims that could proceed to trial and providing guidance on the prior art and claim construction, the IPR would also simplify this case in other ways.  For example, "discovery problems relating to prior art" can be alleviated, the IPR's outcome "may encourage settlement," the record of administrative review may be entered at trial thereby "reducing the complexity and length of the litigation," the issues, defenses, and evidence "will be more easily limited in pre-trial conferences"; and "costs will likely be reduced both for the parties and the Court."  *NFC Tech.*, 2015 WL 1069111, at *4 (citation omitted); *see also Lubrizol Specialty Prods., Inc. v. Baker Hughes Inc.*, No. H-15-2915, 2017 WL 2255579, at *1 (S.D. Tex. May 23,

2017); *The Procter & Gamble Co. v. Cao Group, Inc.*, No. 1:13-CV-337, 2014 WL 3573597, at *2 (S.D. Ohio July 21, 2014) (citation omitted). A stay also will avoid the possibility of inconsistent results. *See, e.g.*, *Evolutionary Intel. LLC v. Yelp Inc.*, No. C-13-03587 DMR, 2013 WL 6672451, at *6 (N.D. Cal. Dec. 18, 2013).

Even if some of the claims were to survive IPR review, the PTAB's "statements and reasoning" may nevertheless "be persuasive" in construing disputed claim terms. *Anza Tech.*, 2018 WL 11314191, at *2 (concluding "whatever occurs at the PTAB will potentially be helpful to the court in construing the parties' disputed claim terms"). Additionally, any statements made by a patent owner during the IPR, whether before or after an institution decision, could be considered for claim construction and relied upon to support a finding of prosecution disclaimer. *See Aylus Networks, Inc. v. Apple Inc.*, 856 F.3d 1353, 1364 (Fed. Cir. 2017).

Thus, no matter how the IPR is resolved, waiting for its completion before proceeding here will simplify this case. It will allow the parties and the Court to focus their resources on only the remaining issues and claims after the IPR has concluded, thereby reducing the risk of inconsistent and duplicative results and allowing the PTAB first to provide its insights, expertise, and adjudication on the validity of the claims of the '124 patent. This factor strongly favors a stay.

**B.     This Case is Still in Its Infancy, Weighing in Favor of a Stay**

A stay is particularly appropriate here as this case is at its infancy, allowing the parties and the Court to realize fully the congressional goal of "coordination between district court infringement litigation and inter partes review to reduce duplication of efforts and costs." 77 Fed. Reg. 48680, 48721 (Aug. 14, 2012). Indeed, this is a case where the Court and parties can benefit from the efficiencies and resource savings facilitated by the IPR. *Finjan, Inc. v. Symantec Corp.*, 139 F. Supp. 3d 1032, 1035 (N.D. Cal. 2015) ("A stay is particularly

appropriate for cases in the initial stages of litigation or in which there has been little discovery."); *Landmark Tech., LLC v. iRobot Corp.*, No. 6:13-cv-411-JDL, 2014 WL 486836, at *3 (E.D. Tex. Jan. 24, 2014) ("Staying a case at an early juncture can advance judicial efficiency and maximize the likelihood that neither the court nor the parties expend their assets addressing invalid claims.") (internal quotations and citation omitted).

Although this case has been pending over ten months, there has been no substantive progress. Zoho's motion to dismiss is still pending and the pleadings are not set. The stay was only recently lifted on Jan. 18, 2023, and infringement contentions are not due until March 17, 2023. There has been no initial disclosures exchanged, no written discovery propounded, and no claim construction. The *Markman* hearing is not until Sept. 21, 2023, and there is no trial date. Thus, a stay now allows the Court and both parties to avoid almost all costs associated with the significant litigation work ahead and ensure resources are not wasted on claims that will be invalidated. This factor heavily favors a stay. *VirtualAgility*, 759 F.3d at 1317 (early stage of litigation "heavily favors" stay where case "still at its infancy"); *Bell Semiconductor*, 2022 WL 1447948, at *2 (even after claim construction, stay favored as no scheduling order was entered or trial date was set, substantial discovery was left, and stay could reduce the amount of discovery required) (citing cases); *Anza Tech.*, 2018 WL 11314191, at *2 (granting stay where no claim construction had taken place, no discovery had commenced, and no trial date set); *Crossroads*, 2015 WL 3773014, at *3 (PTAB already determined reasonable likelihood of success, thus proceeding to trial could be "extraordinarily wasteful" of parties' and Court's resources) (citation omitted).

   **C.**  **A Stay Will Not Unduly Prejudice AK Meeting, a Non-Practicing Entity**

A stay also will not result in any undue prejudice to AK Meeting. Plaintiff is a non-practicing entity that does not compete against Zoho. *Bell Semiconductor*, 2022 WL 1447948, at *2 (finding stay pending IPR would not unduly prejudice or present a clear tactical disadvantage

8

to plaintiff as it did "not produce products on its patents or otherwise compete with" defendant). Plaintiff also has not sought preliminary injunctive relief, and monetary damages would be sufficient in lieu of injunctive relief. D.I. 8 at V.f; *Uniloc 2017 LLC v. LG Elecs. U.S.A., Inc.*, No. 3:18-CV-3071-N, 2020 WL 374545, at *1 (N.D. Tex. Jan. 23, 2020) ("A stay will not diminish the monetary damages to which [a party] will be entitled if it succeeds in its infringement suit — it only delays realization of those damages.") (citation omitted); *Symantec Corp. v. Zscaler, Inc.*, No. 17-CV-04426-JST, 2018 WL 3539267, at *3 (N.D. Cal. July 23, 2018) (plaintiff's failure to move for preliminary injunction "weighs against prejudice because it suggests that money damages would compensate any loss") (citation omitted); *Stingray Music USA, Inc., v. Music Choice*, No. 2:16-CV-00586-JRG-RSP, 2017 WL 9885167, at *2 (E.D. Tex. Dec. 12, 2017).

Additionally, the inherent delay associated with a stay cannot by itself constitute a basis for undue prejudice. *NFC Tech.*, 2015 WL 1069111, at *2 (noting delay "factor is present in every case in which a patentee resists a stay, and it is therefore not sufficient, standing alone, to defeat a stay motion"); *Crossroads Sys.*, 2015 WL 3773014, at *2.

## V.  CONCLUSION

For the foregoing reasons, Zoho requests the Court grant its motion to stay this case pending the final determination of the IPR of the '124 patent.

Date: January 30, 2023                    /s/ Ryan J. Marton
                                          ―――――――――――――――――――――――
                                          Ryan J. Marton (*admitted Pro Hac Vice*)
                                          ryan@martonribera.com
                                          Carolyn Chang (*admitted Pro Hac Vice*)
                                          carolyn@martonribera.com
                                          Phillip Haack (*admitted Pro Hac Vice*)
                                          phaack@martonribera.com
                                          MARTON RIBERA SCHUMANN & CHANG LLP
                                          548 Market Street, Suite 36117
                                          San Francisco, CA 94104
                                          Tel: 415.360.2511

                                          Darryl J. Adams (TX Bar No. 00796101)
                                          dadams@sgbfirm.com
                                          SLAYDEN GRUBERT BEARD PLLC
                                          401 Congress Ave., Suite 1650
                                          Austin, TX 78701
                                          Tel: 512.402.3550
                                          Fax: 512.402.6865

                                          *Attorneys for Defendant Zoho Corporation*

10

## CERTIFICATE OF CONFERENCE

I hereby certify that counsel for Zoho conferred with counsel for AK Meeting regarding this motion to stay on January 16, 2023, and that AK Meeting indicated that it opposed this motion.

Dated: January 30, 2023                                          */s/ Ryan J. Marton*
                                                                                  Ryan J. Marton

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing is being served on the counsel of record via the CM/ECF system on January 30, 2023.

Dated: January 30, 2023                                          */s/ Ryan J. Marton*
                                                                                  Ryan J. Marton