# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# DIVISION

**AK MEETING IP LLC,**      §
*Plaintiff*      §
     §
**v.**      §      **No. 1:22-CV-1165-LY**
     §
**ZOHO CORPORATION**      §
*Defendant*      §

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE LEE YEAKEL
       UNITED STATES DISTRICT JUDGE

Before the Court is Defendant Zoho Corporation's Motion to Dismiss Under Rule 12(b)(6), Dkt. 15, and all related briefing. After reviewing these filings and the relevant case law, the undersigned issues the following report and recommendation.

## I.    BACKGROUND[1]

This is a patent infringement case involving two patents that AK Meeting owns through assignment.

### A.    The Asserted '211 Patent

AK Meeting alleges Zoho directly and indirectly infringes "one or more of claims 1-150" of the '211 patent, titled "Method, Apparatus, System, Medium, and Signals for Supporting Pointer Display in a Multiple-Party Communication." Dkt. 8,

---

[1] The background facts are largely taken from AK Meeting's First Amended Complaint and the relevant attachments. Dkt. 8. The undersigned also takes judicial notice of the excerpts of the prosecution histories of the asserted patents, which it also relies upon. Fed. R. Evid. 201(b)(2).

at ¶ 15; Dkt. 8-4. The '211 patent has 5 independent claims and 145 dependent claims. Each claim is directed to a method or system of transmitting cursor and pointer messages between a server and one or more computers or the client processor circuit. Claim 1 is representative and recites:

> A method for supporting multiple-party communications in a computer network including a server and at least one client computer, the method comprising:
>
> receiving a first cursor message at the server from the client computer, said first cursor message representing a change in a position of a first cursor associated with the client computer in response to user input received from a user of the client computer;
>
> producing a first pointer message in response to said first cursor message, said first pointer message representing said change in said position of said first cursor provided by said first cursor message and being operable to cause display of a pointer on the client computer; and transmitting said first pointer message to said client computer.

Dkt. 8-4, claim 1 (emphasis added). Every independent claim of the '211 patent requires the server to transmit the pointer movement back to the originating client computer or client processor circuit. *Id.* (claims 1, 35, 69, 103, 106).

During prosecution, the examiner rejected what would become issued claim 1 based on a prior art reference called "Fedotov." Dkt. 15-2, at 2. In response to this final rejection, the applicant argued that Fedotov lacked "any mention of whether network packets would be received at the presenter's desktop environment, and how such a network packet would be processed if it were to be received." Dkt 15-3, at 5. The applicant asserted that "Fedotov et al. fails to support a conclusion that forwarding of cursor movement events back to the presenter is disclosed in paragraph 0074 of the cited reference." *Id.* The applicant concluded that "[w]hile … Fedotov et

al. provides some disclosure of how remote mouse events received from other clients are processed, again there is no disclosure of even receiving, let alone processing of mouse events initiated by the same client that initiated the mouse movement." *Id.* at 6.

In its response, the applicant clarified why such information was sent back in its claimed invention, explaining that "[t]he display of a pointer provides feedback to a user of the client computer of a network latency associated with a round trip from the client computers to the server and back again to the client computer. The displayed pointer also more closely corresponds to the client's pointer as it would be displayed on other client computers, which are likely to encounter a similar network latency." *Id.* at 3. In response, the examiner issued a Notice of Allowance. Dkt. 15-4, at 2.

**B.    The Asserted '124 Patent**

AK Meeting also alleges Zoho directly and indirectly infringes "one or more of claims 1-14" of the '124 patent, titled "Sharing Content Produced by a Plurality of Client Computers in Communication with a Server." Dkt. 8, at ¶ 8; Dkt. 8-3. The '124 patent has 14 claims, 2 are independent and 12 are dependent. Each claim is directed to a method of transmitting user input messages between a server and at least one client computer while screen sharing. Claim 1 is representative and recites:

> A method implemented on a plurality of client computers in communication with a server over a computer network, the plurality of client computers each displaying common content on an associated display area, the method comprising:

generating messages representing user input received at one client computer of the plurality of client computers, the user input defining content to be shared with the plurality of client computers;

causing the one client computer to transmit the generated messages to the server to elicit transmission of output messages from the server to each of the plurality of client computers including the one client computer, the output messages including information defining the content to be shared; and in response to receiving output messages from the server at each of the plurality of client computers, displaying the shared content over the common content on the respective display areas on each of the plurality of client computers including the one client computer.

Dkt. 8-3, claim 1. Like the '211 patent, both independent claims of the '124 patent require "transmission of output messages from the server to each of the plurality of client computers including the one client computer." Dkt. 8-3 (claims 1 and 8).

During prosecution, the application added this limitation in when the examiner rejected the pending claims based on the "Martin" prior art reference. Dkt. 15-5, at 2: Dkt. 15-6, at 7 (amending the language of claim 1 to add the limitation "each of the plurality of client computers including the one client computer"). In adding the limitation, the applicant argued, like it had during prosecution of the '211 patent, that in the purported invention, "the output messages are also transmitted back to the one client computer that generated and transmitted the messages to the server" and that "[n]owhere does Martin disclose this feature of Applicant's claim 1." *Id.* In response, the examiner issued a Notice of Allowance. Dkt. 15-7, at 2.

Zoho argues that AK Meeting's First Amended Complaint should be dismissed on two bases: (1) it selectively mixes and matches disparate features of three different Zoho products and asserts these features collectively infringe; and (2) the Amended

Complaint ignores the server-client computer limitation in the patents. The undersigned addresses these arguments below.

## II.   LEGAL STANDARD

In patent cases, issues that are unique to patent law are governed by Federal Circuit precedent. *See Woods v. DeAngelo Marine Exhaust Sys., Inc.*, 692 F.3d 1272, 1279 (Fed. Cir. 2012). But because motions to dismiss under Rule 12(b)(6) raise purely procedural issues, courts apply the law of the regional circuit—here, the Fifth Circuit—when deciding whether such a motion should be granted. *Bascom Global Internet Servs., Inc. v. AT & T Mobility LLC*, 827 F.3d 1341, 1347 (Fed. Cir. 2016).

Rule 12(b)(6) allows a party to move to dismiss an action for failure to state a claim on which relief can be granted. In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks omitted). The Supreme Court has explained that a complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to

relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Twombly*, 550 U.S. at 555.

In *Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1352 (Fed. Cir. 2021), the Federal Circuit embraced a flexible pleading standard for direct infringement, inquiring "whether the factual allegations in the complaint are sufficient to show that the plaintiff has a plausible claim for relief." The court explained that:

> The level of detail required in any given case will vary depending upon a number of factors, including the complexity of the technology, the materiality of any given element to practicing the asserted claim(s), and the nature of the allegedly infringing device.

> Accordingly, a plaintiff cannot assert a plausible claim for infringement under the *Iqbal/Twombly* standard by reciting the claim elements and merely concluding that the accused product has those elements. There must be some factual allegations that, when taken as true, articulate why it is plausible that the accused product infringes the patent claim.

*Id.* at 1353; *see also Grecia Est. Holdings LLC v. Meta Platforms, Inc.*, ⸺ F. Supp. 3d ⸺, No. 6:21-CV-00677-ADA, 2022 WL 2019296, at *2 (W.D. Tex. June 6, 2022) (quoting *Bot M8*, 4 F.4th at 1353). Before *Bot M8*, the Federal Circuit held that a complaint sufficiently pled direct infringement of claims directed to a spinal brace, "a simple technology," where it "specifically identified the three accused products—by name and by attaching photos of the product packaging as exhibits—and alleged that the accused products meet 'each and every element of at least one claim.'" *Disc Disease Sols. Inc. v. VGH Sols., Inc.*, 888 F.3d 1256, 1260 (Fed. Cir. 2018). Although *Bot M8* and *Disc Disease* were decided under the laws of the Ninth and Eleventh Circuits, respectively, "the Fifth Circuit's pleading standards are not materially distinct. These opinions, then, supply welcome guidance regarding

6

pleading requirements for direct infringement." *Repairify, Inc. v. Keystone Auto. Indus., Inc.*, No. W-21-CV-00819-ADA, —— F. Supp. 3d ——, 2022 WL 2479930, at *3 (W.D. Tex. July 6, 2022).

An element-by-element pleading of fact for each asserted patent claim is not required, *Sesaco Corp. v. Equinom Ltd.*, No. 1:20-CV-1053-LY, 2022 WL 1546642, at *1 (W.D. Tex. Mar. 11, 2022), but: "To state a viable direct infringement claim, a plaintiff must plead facts that plausibly suggest that the accused product meets each limitation of the asserted claim or claims." *Encoditech, LLC v. Citizen Watch Co. of Am., Inc.*, No. SA-18-CV-1335-XR, 2019 WL 2601347, at *3 (W.D. Tex. June 25, 2019). Under any standard, "the complaint must support is entitlement to relief with 'factual content,' not just conclusory allegations that the accused product(s) meet every claim limitation." *Vervain, LLC v. Michron Tech., Inc.*, No. 6:21-cv-00487-ADA, 2022 WL 23469, at *2 (W.D. Tex. Jan. 3, 2022) (quoting *Bot M8*, 4 F.4th at 1353).

In determining whether a plaintiff's claims survive a Rule 12(b)(6) motion to dismiss, the factual information to which the court addresses its inquiry is limited to: (1) the facts set forth in the complaint; (2) documents attached to the complaint; and (3) matters of which judicial notice may be taken under Federal Rule of Evidence 201. *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 735 (5th Cir. 2019).

### III.   DISCUSSION

Defendant Zoho moves to dismiss AK Meeting's claims based on two arguments: (1) that AK Meeting cannot mix and match the features of different

accused products as the bases of its infringement claims; and (2) the First Amended Complaint ignores the material limitations of the patents.

### A.    Mixing and Matching Patent Features

Zoho first argues that the Amended Complaint fails to plead literal direct infringement by failing to plausibly allege that "every limitation set forth in a claim … be found in an accused product, exactly." Dkt. 15, at 9 (citing *Southwall Techs. Inc. v. Cardinal IG Co.*, 54 F.3d 1570, 1575 (Fed. Cir. 1995); *Cephalon, Inc. v. Watson Pharm., Inc.*, 707 F.3d 1330, 1340 (Fed. Cir. 2013) ("[T]o prove infringement, the patentee must show that an accused product embodies all limitations of the claim either literally or by the doctrine of equivalents …. If any claim limitation is absent from the accused device, there is no literal infringement as a matter of law.") (citations omitted). Zoho argues that to support its allegations of direct infringement of the '211 patent, AK Meeting relies entirely on a chart for claim 1, which mixes and matches features of three distinct products, Zoho Meeting, Zoho Assist, and Zoho Show, to assert these products infringe. Dkt. 8-2, at 3-5. Zoho makes similar allegations with regard to the '124 patent, arguing that again AK Meeting mixes and matches distinct features of the accused products to support its infringement claim. Dkt. 8-1, at 3-6. Also, Zoho argues that AK Meeting not only points to disparate features of different products, it also fails to allege that the unrelated products work in concert to infringe.

AK Meeting responds that the Zoho products are integrated, relying on Zoho's website to show that Zoho Meeting and Zoho Workplace are "integrated with each

other" in Zoho Workplace.[2] Additionally, AK Meeting argues that even if Zoho's products were not considered integrated, all claimed infringing features are present on Zoho Meeting. *Id.*

Zoho replies that: (1) AK Meeting points to nothing in the Amended Complaint supporting its claim of integration; (2) AK Meeting relies on impermissible new evidence in support of its argument; and (3) AK Meeting relies upon the products themselves to show they are used together. Dkt. 19, at 9. Zoho argues, that at most, AK Meeting's evidence show that the products are sold as marketing bundles. *Id.* The undersigned agrees.

Nowhere in the Amended Complaint does AK Meeting plead that the products in issue are integrated. Moreover, its reliance on new evidence in the form of screenshots from Zoho's website is improper. AK Meeting cannot rehabilitate its Complaint through its opposition to a motion to dismiss. *See Vervain*, 2022 WL 23469, at *6 (citing *Energy Coal v. CITGO Petroleum Corp.*, 836 F.3d 457, 462 n.4 (5th Cir. 2016) ("The complaint may not be amended by the briefs in opposition to a motion to dismiss."). And AK Meeting's reliance on the products themselves is insufficient to show product integration, merely showing that the products are sold together. The undersigned finds that, in its Amended Complaint, AK Meeting has failed to adequately plead integration to state a claim of direct infringement of the '211 and '124 patents.

---

[2] *See* https:www.zoho.com/workplace/help/faq.

**B.     Material Limitations**

1.     '124 Patent

Zoho argues that AK Meeting's claim should also be dismissed because the Amended Complaint ignores a material limitation to the '124 patent, the "server-client computer limitation" or "looped message" limitation, where the originating client computer send the message to a server and the server sends a corresponding message back to all clients, including the originating client computer, so all client computers display common content. Dkt. 19, at 4. Zoho points out that claim 1 of the '124 patent requires a server to transmit output messages from the server "to each of the plurality of client computers including the one client computer." Dkt. 8-3, claim 1. Zoho maintains that the only factual allegations regarding the limitations of the '124 patent claims are found in a chart for claim 1 attached to the Amended Complaint. *See* Dkt. 8, at ¶ 9. In the chart, AK Meeting identifies a laser pointer functionality in Zoho Show that can be clicked and dragged "to point to the slide contents that you want to draw attention to," to support its infringement claim. Dkt. 8-1, at 5.  Zoho argues that this fails to address a key limitation in claim 1, as nothing in this chart establishes that when the laser pointer function is used by a presenter, a server transits an output function back to the presenter's computer.

AK Meeting responds that Zoho's Meeting product does send messages to attendees including the client computer. It relies on the Whiteboard feature, as an example of when all meeting participants, including attendees and the client computer, may participate to collaborate in real time by brainstorming ideas, taking

notes, creating flowcharts, and summarizing meetings using one common tool. Dkt. 18, at 14.

As to the laser pointer feature, Zoho argues that nothing in the Amended Complaint or Exhibit A, Dkt. 8-1, suggests that the laser pointer feature is sufficient to plead transmission of looped messages. Zoho contends that the laser pointer feature simply allows a cursor to become a movable dot. With regard to AK Meeting's reliance on the Whiteboard feature to support it has adequately pleaded the "looped message" limitation, Zoho asserts that, again, the Court is limited to the allegations in the Amended Complaint and may not consider this new evidence. And even if the Court did consider the Whiteboard feature, Zoho argues the allegations in the Response merely suggest that Whiteboard messages are sent from attendees to a client computer—not that they are sent from an originating computer to a server and then from the server back to the originating computer, causing the display of common content on both the originating client and other client computers. Thus, Zoho argues, these allegations are insufficient to meet the looped message limitation in any of the accused products, and AK Meeting's claims therefore should be dismissed.

The undersigned finds that the Amended Complaint does nothing more than recite the elements of AK Meeting's infringement claims. Its incorporation of Exhibit A, Dkt. 8-1, with annotations to screenshots taken from Zoho's website, add virtually nothing to the threadbare recitals in the Amended Complaint itself. As to AK Meeting's reliance on additional screenshots outside the pleadings, and examples of Zoho products not referenced in the pleadings, these efforts are insufficient to

rehabilitate its inadequate pleadings. AK Meeting has failed to state a claim for which relief may be granted as to the '124 patent.

      2.    '211 Patent

Zoho also argues that AK Meeting's Amended Complaint ignores a material limitation to the '211 patent. Specifically, Zoho argues that claim 1 of the '211 patent requires that a "first cursor message" be received at a server from a client computer and then requires that a "first pointer message" be transmitted to that same client computer in response. Dkt. 8-4, claim 1. This means the claim requires that messages be sent, not just to attendees, but "back to the presenter." Dkt. 8-3, at 38. Zoho argues that AK Meeting fails to address this limitation, relying on the remote cursor feature of Zoho Assist, which allows that when two computers share screens, the remote support's computer display's the other computer's cursor. Zoho asserts that AK Meeting's highlighted yellow language stating, "this reference describes transmitting said first pointer message to said client computer," Dkt. 8-2, at 5, is conclusory and insufficient to state a plausible claim. Zoho argues that even taking this allegation as true, the pleadings do not support that the remote cursor feature sends information back to the originating client computer but, rather, to the computer providing remote assistance. Zoho argues that AK Meeting's Amended Complaint therefore fails to allege any facts showing that the accused products meet this required material limitation, and therefore cannot state a claim for infringement of the '211 patent.

Apparently conceding that nothing in the Amended Complaint establishes that the cursor feature of Zoho Assist meets the looped message requirement, AK Meeting

responds that Zoho's Meeting product does include a message transmitted to attendees and back to the client computer. It gives as examples: (1) that all the meeting participants may participate with the Whiteboard feature to collaborate in real time by brainstorming ideas, taking notes, creating flowcharts and summarizing meetings using this one common tool; and (2) the client computer can take a live poll sending out questions and then receiving a response back from the other participant(s). Dkt. 18, at 14.

The undersigned finds that AK Meeting's claims regarding the '211 patent are inadequately pleaded for the same reasons as explained above with regard to the '124 patent. The analysis above regarding the Whiteboard feature applies equally to AK Meeting's reliance on the polling feature, and similarly fails. AK Meeting is improperly relying on evidence outside the pleadings to rehabilitate the deficiencies in its live pleadings, and that evidence is insufficient to establish a claim. This claim should also be dismissed for failure to state a claim.

### C.    AK Meeting's Alternative Request for Leave to Amend

AK Meeting requests that in the event of dismissal, as the undersigned recommends, it should be without prejudice so it can replead. Zoho requests that AK Meeting's infringement claims be dismissed with prejudice as amendment would be futile. *See Bombardier Aerospace Corp. v. United States*, 831 F.3d 268, 284 (5th Cir. 2016) (futility of amendment supports decision to deny motion to amend). It asserts that the evidence outside the pleadings that AK Meeting improperly relies on also would not support its claims. *See* Dkt. 8-1, at 3, 4, 5; Dkt. 8-2, at 3, 4, 5. Zoho argues

13

that this evidence shows that the products do not infringe as none contain features permitting a server to transmit information back to the originating client computer as required to show infringement. Dkt. 15, at 19.

"Futility is determined under Rule 12(b)(6) standards, meaning an amendment is considered futile if it would fail to state a claim upon which relief could be granted." *Allen v. Sherman Operating Co., LLC*, No. 4:20-CV-290-SDJ-KPJ, 2021 WL 860458, at *12 (E.D. Tex. Feb. 18, 2021) (quoting *Justice v. PSI-Intertek*, No. 3:20-CV-3172-S-BN, 2021 WL 39587, at *1 (N.D. Tex. Jan. 4, 2021)).

In this case, AK Meeting has not attached an Amended Complaint by which the undersigned can determine if amendment of its pleadings are futile. Thus, any amendment would necessarily be by separate motion. Accordingly, because AK Meeting may still move to amend its complaint by separate motion, at which juncture the Court will address futility, the undersigned recommends that the District Court dismiss the Amended Complaint is without prejudice.

## IV.    RECOMMENDATION

In accordance with the foregoing discussion, the undersigned **RECOMMENDS** that the District Court **GRANT** Defendant Zoho Corporation's Motion to Dismiss Under Rule 12(b)(6), Dkt. 15 and **DISMISS** AK Meeting IP LLC's direct infringement[3] claims **WITHOUT PREJUDICE**. The referral in this case is **CANCELED**.

---

[3] Zoho requests that the Court to also dismiss AK Meeting's indirect infringement claims. The parties agreed to dismiss these claims, so to the extent they are not before the undersigned, they cannot be dismissed. To the extent they are before the undersigned, they should also be dismissed without prejudice.

## V.   WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The district court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen days after the party is served with a copy of the Report shall bar that party from *de novo* review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED February 6, 2023.

DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE
