**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| AK MEETING IP LLC,<br><br>Plaintiff,<br><br>v.<br><br>ZOHO CORPORATION,<br><br>Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 1:22-cv-01165-LY |

**DEFENDANT ZOHO CORPORATION'S RESPONSE TO PLAINTIFF'S NOTICE OF PARTIAL DISMISSAL OF ALL CLAIMS OF U.S. PATENT NO. 10,963,124 (D.I. 34)**

Zoho Corporation ("Zoho") respectfully submits this response to Plaintiff's Notice of Partial Dismissal of All Claims of U.S. Patent No. 10,963,124 (the "'124 patent") filed on February 6, 2023 (the "Notice"). *See* D.I. 34. Plaintiff's Notice, which purports to dismiss without prejudice its claims with respect to only the '124 patent, is improper and should be given no effect.

By its plain text, Rule 41(a) of the Federal Rules of Civil Procedure permits a plaintiff to dismiss, without court order, "an action" by filing a notice of dismissal before the opposing party serves an answer or a motion for summary judgment. It does not allow a plaintiff to dismiss one or more claims in an action. *See* Fed. R. Civ. P. 41(a)(1); *compare* Fed. R. Civ. P. 41(b) (expressly providing with regard to involuntary dismissal that a defendant may move to dismiss "the action *or any claim* against it") (emphasis added).

Because Plaintiff expressly seeks only "partial dismissal" of those claims related to the '124 patent without prejudice, and does not seek dismissal of the entire action, it is improper and the Court should give it no legal effect. *See, e.g.*, *Blackmon v. Bracken Constr. Co.*, No. CV 18-

142-BAJ-RLB, 2019 WL 1519306, at *1-2 (M.D. La. Apr. 8, 2019) (holding plaintiff's notice of voluntary partial dismissal pursuant to Rule 41(a) to be "without effect"), citing *Bailey v. Shell W. E&P, Inc.*, 609 F.3d 710, 720 (5th Cir. 2010) ("Rule 41(a) dismissal only applies to the dismissal of an entire action—not particular claims."); *Pfeiffer v. Ajamie Pllc*, No. 4:19-CV-02760, 2019 WL 13193376, at *1 (S.D. Tex. Dec. 2, 2019) ("Simply put, [plaintiff] cannot freely dismiss only some, but not all of his claims. Doing so is a null act, entirely without procedural effect.") (citation omitted); *see also, e.g.*, *Taylor v. Brown*, 787 F.3d 851, 857 (7th Cir. 2015) (holding under plain meaning of the Federal Rules of Civil Procedure, Rule 41(a) "should be limited to dismissal of an entire action") (citations omitted).

If Plaintiff seeks to dismiss its claims with regard to the '124 patent, it must be by written consent or with the court's leave pursuant to Rule 15(a)(2). *See* Fed. R. Civ. P. 15; *see also, e.g.*, *Pfeiffer*, 2019 WL 13193376, at *1 ("To dismiss only certain claims, the plaintiff must proceed according to Rule 15(a)(2), which depends upon leave of court.") (citations omitted); 9 Wright & Miller, Federal Practice and Procedure § 2362 (3d ed. 2008) ("[I]t has been held that when multiple claims are filed against a single defendant, Rule 41(a) is applicable only to the voluntary dismissal of all the claims in an action. A plaintiff who wishes to drop some claims but not others should do so by amending his complaint pursuant to Rule 15."). In this case, Zoho does *not* consent to Plaintiff's dismissal of these claims without prejudice because, *inter alia*, Plaintiff does so in an attempt to moot Zoho's pending motion to stay (*see* D.I. 33, 35), and dismissal would moot, in part, Zoho's fully briefed and pending Rule 12(b)(6) motion to dismiss on which Magistrate Judge Howell has issued a Report and Recommendation, granting Zoho's motion (*see* D.I. 36).

For the foregoing reasons, Zoho respectfully requests that that Plaintiff's Notice be vacated or otherwise be deemed without any effect.

Respectfully submitted,

Date: February 7, 2023

*/s/ Ryan J. Marton*

Ryan J. Marton (*admitted Pro Hac Vice*)
ryan@martonribera.com
Carolyn Chang (*admitted Pro Hac Vice*)
carolyn@martonribera.com
Phillip Haack (*admitted Pro Hac Vice*)
phaack@martonribera.com
MARTON RIBERA SCHUMANN & CHANG LLP
548 Market Street, Suite 36117
San Francisco, CA 94104
Tel: 415.360.2511

Darryl J. Adams (TX Bar No. 00796101)
dadams@sgbfirm.com
SLAYDEN GRUBERT BEARD PLLC
401 Congress Ave., Suite 1650
Austin, TX 78701
Tel: 512.402.3550
Fax: 512.402.6865

*Attorneys for Defendant Zoho Corporation*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing is being served on the counsel of record via the CM/ECF system on February 7, 2023.

Dated: February 7, 2023

*/s/ Ryan J. Marton*
Ryan J. Marton