# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| AK MEETING IP LLC, § § | |
| Plaintiff, § § | |
| v. § § | Civil Action No. 1:22-cv-01165-LY |
| ZOHO CORPORATION, § § | |
| Defendant. § § | |

**DEFENDANT ZOHO CORPORATION'S REPLY IN SUPPORT OF ITS MOTION TO STAY PENDING *INTER PARTES* REVIEW**

**I.     INTRODUCTION**

Plaintiff AK Meeting's opposition to Zoho's motion to stay responds to *none* of the arguments raised by Zoho in its opening brief. *Compare* D.I. 33 *with* D.I. 35.[1] Instead, Plaintiff makes only one argument in its opposition: that the Court should deny Zoho's motion to stay as moot because Plaintiff purportedly voluntarily dismissed its claims related to the '124 patent without prejudice. *See* D.I. 35 at 2. This is erroneous because Plaintiff's notice of partial dismissal is procedurally improper and has no legal effect. *See* D.I. 37. Since Plaintiff has not dismissed its claims related to the '124 patent, this cannot serve as a basis to deny Zoho's motion to stay as moot.

Moreover and importantly, after Zoho filed its motion to stay (*see* D.I. 33) and AK Meeting filed its notice and opposition thereto (*see* D.I. 34, D.I. 35), Magistrate Judge Howell issued a 15-page report and recommendation ("R&R") on Zoho's pending Rule 12(b)(6) motion dismiss (*see* D.I. 36). The R&R grants Zoho's motion, dismissing not only the claims related to the '124 patent, but *all* claims related to both the '211 and '124 patents due to Plaintiff's failure to adequately plead infringement by Zoho. The R&R further indicates that AK Meeting would be required to move to amend its complaint to show amendment would not be futile. *See* D.I. 36 at 13-14. AK Meeting should not be permitted to use Rule 41(a) as an end run around either Zoho's motion to stay or the Court's forthcoming order on Zoho's motion to dismiss, which may result in a complete dismissal of this action with prejudice.

---

[1] Plaintiff's failure to respond to the substance of Zoho's arguments should be treated as waiver of any opposition to them. *See, e.g.*, *JMCB, LLC v. Bd. of Com. & Indus.*, 336 F. Supp. 3d 620, 634 (M.D. La. 2018) (citing cases); *Batiste v. Stryker Corp.*, No. 319CV00574JWDEWD, 2020 WL 3451690, at *8 (M.D. La. June 24, 2020) (same); *Chapa v. City of Pasadena*, No. 4:21-CV-3444, 2022 WL 3091546, at *11 (S.D. Tex. July 15, 2022), *report and recommendation adopted*, No. 4:21-CV-03444, 2022 WL 3084475 (S.D. Tex. Aug. 2, 2022) (same).

II.     **ARGUMENT**

      A.     **Plaintiff's Claims Related to the '124 Patent Have Not Been Dismissed**

The Court should disregard Plaintiff's opposition to Zoho's motion to stay because its claims related to the '124 patent are not yet dismissed and thus cannot serve as a basis to deny Zoho's motion to stay as moot. As stated in Zoho's response to Plaintiff's notice (*see* D.I. 37), Plaintiff's attempt to voluntarily dismiss its claims related to the '124 patent without prejudice is procedurally improper and has no legal effect. *See id.*

Rule 41(a) permits dismissal of only an entire action; Plaintiff cannot seek only "partial dismissal" of one or more claims pursuant to Rule 41(a). *See, e.g.*, *Blackmon v. Bracken Constr. Co.*, No. CV 18-142-BAJ-RLB, 2019 WL 1519306, at *1-2 (M.D. La. Apr. 8, 2019) (holding plaintiff's notice of voluntary partial dismissal pursuant to Rule 41(a) to be "without effect"), citing *Bailey v. Shell W. E&P, Inc.*, 609 F.3d 710, 720 (5th Cir. 2010) ("Rule 41(a) dismissal only applies to the dismissal of an entire action—not particular claims."); *Pfeiffer v. Ajamie Pllc*, No. 4:19-CV-02760, 2019 WL 13193376, at *1 (S.D. Tex. Dec. 2, 2019) ("Simply put, [plaintiff] cannot freely dismiss only some, but not all of his claims. Doing so is a null act, entirely without procedural effect.") (citation omitted); *see also Taylor v. Brown*, 787 F.3d 851, 857 (7th Cir. 2015) (holding under plain meaning of the Federal Rules of Civil Procedure, Rule 41(a) "should be limited to dismissal of an entire action") (citations omitted).

If Plaintiff seeks to dismiss its claims with regard to the '124 patent without prejudice, it must be by written consent or with the Court's leave pursuant to Rule 15(a)(2). *See* Fed. R. Civ. P. 15; *see also, e.g.*, *Pfeiffer*, 2019 WL 13193376, at *1 ("To dismiss only certain claims, the plaintiff must proceed according to Rule 15(a)(2), which depends upon leave of court.") (citations omitted); 9 Wright & Miller, Federal Practice and Procedure § 2362 (3d ed. 2008) ("[I]t has been

held that when multiple claims are filed against a single defendant, Rule 41(a) is applicable only to the voluntary dismissal of all the claims in an action. A plaintiff who wishes to drop some claims but not others should do so by amending his complaint pursuant to Rule 15.").

Here, Zoho has not consented, and will not consent, to Plaintiff's dismissal of the '124 patent claims without prejudice, nor has Plaintiff obtained leave of Court to do so. Therefore Plaintiff's filing of its notice of partial dismissal cannot moot Zoho's motion to stay.

**B.   The R&R Recommends Dismissal of *All* Claims for Plaintiff's Failure to Adequately Plead Infringement by Zoho of the '124 and '211 Patents**

Additionally, shortly after Plaintiff filed its notice (D.I. 34) and opposition (D.I. 35) on February 6, 2023, Magistrate Judge Howell issued a 15-page R&R on Zoho's pending motion to dismiss. *See* D.I. 36. The R&R dismisses all claims related to the '124 and '211 patents, and thus this entire action. In recommending Zoho's motion to dismiss be granted *without* prejudice (instead of with prejudice as requested by Zoho), Magistrate Judge Howell specifically noted that Plaintiff had not attached an amended complaint by which a determination could be made if any proposed amendment would be futile. *See id.* at 13-14. The R&R further noted in granting dismissal, that any amendment of the complaint by Plaintiff "would necessarily be by separate motion" "at which juncture the Court will address futility." *See id.* at 13-14.

Thus, if the R&R is adopted as recommended,[2] Plaintiff's entire case will be dismissed, and its infringement claims against Zoho related to the '124 patent or '211 patent cannot be re-pled unless Plaintiff can show the Court that it can cure its pleading deficiencies. Thus even if the Court were to consider Plaintiff's notice and/or opposition as a request to dismiss its '124

---

[2] The parties have until February 20, 2023 (14 days after service of the R&R) to file any objections. *See* D.I. 36 at 15.

3

patent claims, it should be denied. Doing so would be manifestly unjust and unduly prejudice Zoho by mooting a potentially dispositive decision from the Court on all claims in Zoho's favor.

### III.   CONCLUSION

For the foregoing reasons, Zoho respectfully requests that the Court treat Plaintiff's notice to dismiss claims related to the '124 patent as without effect.

With regard to Zoho's motion to stay, in light of the R&R and Plaintiff's indication that it seeks to dismiss the claims of the '124 patent, Zoho respectfully requests that the Court grant its motion to stay for all reasons stated in its opening brief (*see* D.I. 33), and stay all pre-*Markman* case management deadlines until the Court issues its order on Zoho's motion to dismiss, and Plaintiff properly (and can successfully) move for leave to amend.

Respectfully submitted,

Date: February 13, 2023

*/s/ Ryan J. Marton*

Ryan J. Marton (*admitted Pro Hac Vice*)
ryan@martonribera.com
Carolyn Chang (*admitted Pro Hac Vice*)
carolyn@martonribera.com
Phillip Haack (*admitted Pro Hac Vice*)
phaack@martonribera.com
MARTON RIBERA SCHUMANN & CHANG LLP
548 Market Street, Suite 36117
San Francisco, CA 94104
Tel: 415.360.2511

Darryl J. Adams (TX Bar No. 00796101)
dadams@sgbfirm.com
SLAYDEN GRUBERT BEARD PLLC
401 Congress Ave., Suite 1650
Austin, TX 78701
Tel: 512.402.3550
Fax: 512.402.6865

*Attorneys for Defendant Zoho Corporation*

5

**CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing is being served on the counsel of record via the CM/ECF system on February 13, 2023.

Dated: February 13, 2023

                                                              */s/ Ryan J. Marton*
                                                             Ryan J. Marton