IN THE UNITED STATES DISTRICT
COURT FOR THE WESTERN DISTRICT
OF TEXAS WACO DIVISION

| | |
|---|---|
| AK MEETING IP LLC,<br>    Plaintiff,<br><br>v.<br><br>ZOHO CORPORATION<br>    Defendant. | )<br>)<br>)    Civil Action No. 1:22-cv-01165-LY<br>)<br>)<br>)<br>)<br>)    JURY TRIAL DEMANDED |

**OBJECTIONS TO MAGISTRATE JUDGE'S REPORT & RECOMMENDATION
FOR GRANTING DEFENDANT'S MOTION TO DISMISS**

Plaintiff AK Meeting IP LLC ("AK Meeting") files these Objections to the Magistrate Judge Report & Recommendation to grant Defendant Zoho Corporation's ("Defendant" or "Zoho") Motion to Dismiss Under Rule 12(b)(6) ("R&R").[1]

    **I.**    **Objections to Background**

Plaintiff objects to the R&R going beyond the pleadings in a Rule 12(b)(6) motion. "The court's task is to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *Panasonic Corp. v. Magna Int'l., Inc.*, 6:21-cv-00319-ADA, 2022 WL 174513 (W.D. Tex. Jan 20, 2022) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court should not go beyond the pleadings and look at the prosecution history of the patent-in-suit to determine if Plaintiff has plead a cause of action for patent infringement.[2] The prosecution history is relevant for claim

---

[1] Doc. No. 36.
[2] *See id.* at 2-5 (discussing prosecution history of the '211 patent and the '124 patent).

i

construction, a later phase of a patent infringement lawsuit.

## II.     Objections to Discussion

Plaintiff objects to the R&R for alleging that Plaintiff did not show the products Zoho Meeting and Zoho Workplace are integrated.[3] Plaintiff provided a claim chart including both. Thus, it is plausible that the products were shown working together. In fact, the screen shot submitted with Plaintiff's reply to Defendant's Motion to Dismiss verifies this plausibility.[4]

Plaintiff further objects to the R&R for stating that Plaintiff was required to use the word integrated in its pleading.[5] Plaintiff contends providing a claim chart with both products illustrates integration.

As to the material limitations, Plaintiff objects to the R&R for stating that the complaint states nothing more than threadbare recitals. To the contrary, the complaint put Defendant on notice of the accused products. In fact, Zoho's Meeting product does in fact include a message transmitted to attendees and back to the client computer. For example, all the meeting participants may participate with the Whiteboard feature to collaborate in real time by brainstorming ideas, taking notes, creating flowcharts and summarizing meetings using this one common tool. In another example, the client computer can take a live poll sending out questions and then receiving a response back from the other participant(s).[6]

Defendant argues that claim 1 of the '124 patent requires a server to transmit output messages from the server "to each of the plurality of client computers including the one client

---

[3] *See id.* at 8.
[4] Doc. No. 18 at 4-5.
[5] Doc. No. 36 at 9 and 13.
[6] https://www.zoho.com/meeting/features.html

computer." Again, Defendant argues that the claim requires "that the output messages be sent to multiple computers, including the originating computer." Doc. No. 15, page 17.

As noted, Zoho's Meeting product does send messages to attendees including the client computer. For example, all the meeting participants (including attendees and client computer) may participate with the Whiteboard feature to collaborate in real time by brainstorming ideas, taking notes, creating flowcharts and summarizing meetings using this one common tool.

Accordingly, every element of the exemplary claims of both the '124 patent and the '211 patent are met by Zoho's product(s). The Defendant has been put on notice of exactly what activity is accused of infringement.

## I.  CONCLUSION

For the foregoing reasons, AK Meeting respectfully asks the Court sustains its objections and deny Defendant's Motion to Dismiss. Alternatively, to the extent the Court overrules its objection, AK Meeting asks that the Court does so without prejudice and allows AK Meeting leave to amend.

Respectfully submitted,

**Ramey LLP**

/s/William P. Ramey, III
William P. Ramey, III
Texas State Bar No. 24027643
5020 Montrose Blvd., Suite 800
Houston, Texas 77006
(713) 426-3923 (telephone)
(832) 900-4941 (fax)
wramey@rameyfirm.com

***Attorneys for AK Meeting IP, LLC***

## **CERTIFICATE OF SERVICE**

Pursuant to the Federal Rules of Civil Procedure and LR5, I hereby certify that all counsel of record who have appeared in this case are being served on this day of February 20, 2023, with a copy of the foregoing via email and ECF filing.

/s/William P. Ramey, III
William P. Ramey, III
