**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | |
|---|---|
| AK MEETING IP LLC, § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> ZOHO CORPORATION, § <br> § <br> Defendant. § <br> § | Civil Action No. 1:22-cv-01165-LY |

**DEFENDANT ZOHO CORPORATION'S OPPOSED MOTION
TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**

**TABLE OF CONTENTS**

I. INTRODUCTION ................................................................................................................. 1

II. LEGAL STANDARD............................................................................................................ 2

III. ARGUMENT ......................................................................................................................... 4

    A. Plaintiff Fails Again to Allege Facts Showing that Zoho Show Meets the "Looped Message" Limitation of the '211 Patent .............................................4

    B. Plaintiff Fails to Sufficiently Plead Any Claim for Indirect Infringement ............. 7

        1. The Complaint Fails to Allege the Requisite Underlying Claim for Direct Infringement. ..................................................................... 8

        2. The SAC Fails to Adequately Plead Induced Infringement........................ 8

        3. The SAC Fails to Adequately Plead Contributory Infringement.............. 10

    C. Plaintiff's SAC Should Be Dismissed with Prejudice .......................................... 11

IV. CONCLUSION.................................................................................................................... 12

# **TABLE OF AUTHORITIES**

**Cases**

*Addiction & Detoxification Inst. L.L.C. v. Carpenter*,
   620 F. App'x 934 (Fed. Cir. 2015) ............................................................................................ 9

*AIDS Healthcare Found., Inc. v. Gilead Scis., Inc.*,
   890 F.3d 986 (Fed. Cir. 2018) .................................................................................................. 8

*AK Meeting IP LLC v. Zoho Corp.*,
   No. 1:22-CV-1165-LY, 2023 WL 1787303 (W.D. Tex. Feb. 6, 2023), *report and
   recommendation adopted*, ............................................................................................... *passim*

*Ancora Techs., Inc. v. Lenovo Group Ltd.*,
   No. 1:19-CV-01712-CFC, 2020 WL 4530718 (D. Del. Aug. 6, 2020) ..................................... 7

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) .................................................................................................................. 3

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) .................................................................................................................. 3

*Bot M8 LLC v. Sony Corp. of Am.*,
   4 F.4th 1342 (Fed. Cir. 2021) ................................................................................................... 3

*Cleveland Clinic Found. v. True Health Diagnostics LLC*,
   859 F.3d 1352 (Fed. Cir. 2017) ................................................................................................. 8

*Core Wireless Licensing S.A.R.L. v. Apple Inc.*,
   No. 6:14-CV-752-JRG-JDL, 2015 WL 12850550 (E.D. Tex. July 15, 2015), *report and
   recommendation adopted*, No. 6:14-CV-752-JRG-JDL, 2015 WL 4910427
   (E.D. Tex. Aug. 14, 2015) .................................................................................................. 9, 11

*De La Vega v. Microsoft Corp.*,
   No. W-19-CV-00612-ADA, 2020 WL 3528411 (W.D. Tex. Feb. 11, 2020) ............................. 8

*Global–Tech Appliances, Inc. v. SEB S.A.*,
   131 S. Ct. 2060 (2011)) ............................................................................................................ 9

*Iron Oak Techs., LLC v. Acer Am. Corp.*,
   No. 6:17-CV-00143-RP-JCM, 2017 WL 9477677 (W.D. Tex. Nov. 28, 2017) .............. 8, 9, 10

## TABLE OF AUTHORITIES (continued)

*Laitram Corp. v. Rexnord, Inc.*,
   939 F.2d 1533 (Fed. Cir. 1991) ................................................................................. 3

*Limelight Networks, Inc. v. Akamai Techs., Inc.*,
   572 U.S. 915, 921 (2014) ........................................................................................... 8

*LS Cloud Storage Techs., LLC v. Amazon.com, Inc.*,
   No. 1:22-CV-1167-RP, 2023 WL 2290291 (W.D. Tex. Feb. 27, 2023) ................ 6, 7

*Merck Sharp & Dohme Corp. v. Teva Pharms. USA, Inc.*,
   No. CV 14-874-SLR-SRF, 2015 WL 4036951 (D. Del. July 1, 2015), *report and recommendation adopted*, No. 14-874-SLR-SRF, 2015 WL 4477699
   (D. Del. July 22, 2015) ............................................................................................ 11

*Metricolor LLC v. L'Oreal S.A.*,
   791 F. App'x 183 (Fed. Cir. 2019) ........................................................................... 3

*Pak v. Cap. One Bank*, No. 616CV00226RWSJDL, 2016 WL 7485681
   (E.D. Tex. Oct. 31, 2016), *report and recommendation adopted*, No. 6:16- CV-226,
   2016 WL 7474537 (E.D. Tex. Dec. 29, 2016) ........................................................ 11

*Soar Tools, LLC v. Mesquite Oil Tools, Inc.*,
   No. 5:19-CV-243-H, 2021 WL 3030066 (N.D. Tex. July 2, 2021) ......................... 11

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
   551 U.S. 308 (2007) ................................................................................................... 5

*Vervain, LLC v. Micron Tech., Inc.*,
   No. 6:21-CV-00487-ADA, 2022 WL 23469 (W.D. Tex. Jan. 3, 2022) .................... 4

### Statutes

Fed. R. Evid. 201 .................................................................................................................. 4

I.  **INTRODUCTION**

This Court already once dismissed Plaintiff AK Meeting IP LLC's ("Plaintiff's" or "AK Meeting's") First Amended Complaint ("FAC") for its failure to plead allegations sufficient to state a plausible claim upon which relief may be granted.  *See* D.I. 41 (order adopting Report and Recommendation of Magistrate Judge Howell, *AK Meeting IP LLC v. Zoho Corp.*, No. 1:22-CV-1165-LY, 2023 WL 1787303 (W.D. Tex. Feb. 6, 2023) (the "R&R")).  Plaintiff's Second Amended Complaint ("SAC")—which now asserts only one patent, U.S. Patent No. 8,627,211 ("the '211 patent") (the "asserted patent"),[1] against only one Zoho product, Zoho Show (the "accused product"),[2] is similarly deficient and should be dismissed again.

First, the SAC again fails to allege a single fact that shows that the accused product, Zoho Show, meets the material "looped message"[3] limitation present in every independent claim of the '211 patent.  Indeed, the SAC repeats the same threadbare recitals as those in its dismissed FAC, and again incorporates by reference a chart that merely annotates screenshots from Zoho's website with conclusory allegations.  *None* of these screenshots reflect or otherwise give rise to any plausible inference that Zoho Show meets this key limitation of the '211 patent that served as the basis on which the claims were allowed by the patent examiner.  Rather, at best, this chart reflects that Zoho Show simply allows users to "collaborate" on presentation slides in real-time and has "Share Settings" that include read/write privileges.  Nothing in Plaintiff's chart suggests

---

[1]  Plaintiff has dismissed its cause of action with respect to U.S. Patent No. 10,963,124 (the "'124 patent") without prejudice.  *See* SAC at n.1.

[2]  Plaintiff no longer accuses Zoho Meeting and Zoho Assist.  *Compare* FAC at Ex. B (D.I. 8-2) *with* SAC at Ex. A (D.I. 42-1).

[3]  This limitation "requires the server to transmit the pointer movement back to the originating client computer or client processor circuit." *AK Meeting IP*, 2023 WL 1787303, at *1. In the prior order granting Zoho motion to dismiss the first amended complaint, the Court ruled AK Meeting had failed to plead any Zoho product met this required material "looped message" limitation in its amended complaint.  *See id.* at *5-6.

1

plausibly (or otherwise) that a presenter's pointer message is sent by the server *back* to the presenter's computer. Plaintiff's conclusory allegations are insufficient to state a claim for direct infringement by Zoho of the '211 patent, and this claim should be dismissed.

Second, the SAC fails to allege a plausible claim of indirect infringement.[4] As a preliminary matter, the indirect infringement claims fail because Plaintiff has not adequately pled any underlying requisite claim of direct infringement. But even if Plaintiff could allege a claim for direct infringement (though it has not, and cannot), it pleads no facts supporting indirect infringement. The SAC fails to provide any plausible factual allegations to support the specific intent required for induced infringement. The SAC also fails to provide plausible factual allegations to support the requirements of no substantial non-infringing uses and materiality for contributory infringement. Plaintiff's mere formulaic recitation of the elements of indirect infringement in its SAC are insufficient and these claims against Zoho thus should also be dismissed.

Finally, Zoho's motion to dismiss should be granted without leave to amend. AK Meeting was given an opportunity to cure the pleading deficiencies identified by the Court. It failed to do so, making it now clear that any further opportunity to amend would be futile. Because AK Meeting demonstrably has not, and cannot, plead any factual allegations showing that any Zoho product meets a material limitation of the '211 patent, the SAC should be dismissed with prejudice.

## II.     LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *AK Meeting IP*, 2023

---

[4] Plaintiff previously stipulated to dismiss its claims of indirect infringement but has re-asserted them in its SAC. *See* SAC at n.3.

WL 1787303, at *3, citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  For claims of patent infringement, the complaint must plausibly allege that each limitation of at least one claim is satisfied, because "the failure to meet a single limitation is sufficient to negate infringement of the claim." *Laitram Corp. v. Rexnord, Inc.*, 939 F.2d 1533, 1535 (Fed. Cir. 1991); *see also Metricolor LLC v. L'Oreal S.A.*, 791 F. App'x 183, 188 (Fed. Cir. 2019) (agreeing with district court that patentee failed to plead direct infringement because "nothing in the complaint shows that the Accused Products contain the 'air-tight reclosing seal' / 'air-tight reclosable seal' required by the independent claims").

"The level of detail required in any given case will vary depending upon a number of factors, including the complexity of the technology, the materiality of any given element to practicing the asserted claim(s), and the nature of the allegedly infringing device. Accordingly, a plaintiff cannot assert a plausible claim for infringement under the *Iqbal/Twombly* standard by reciting the claim elements and merely concluding that the accused product has those elements. There must be some factual allegations that, when taken as true, articulate why it is plausible that the accused product infringes the patent claim." *AK Meeting IP LLC*, 2023 WL 1787303, at *3, quoting *Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1353 (Fed. Cir. 2021).  Although an element-by-element pleading of fact for each asserted patent claim is not required, to state a viable direct infringement claim "a plaintiff must plead facts that plausibly suggest that the accused product meets each limitation of the asserted claim or claims." *Id.* (internal quotations and citation omitted).  However, under any standard, "the complaint must support its entitlement to relief with 'factual content,' not just conclusory allegations that the accused product(s) meet every claim limitation." *Id*. (internal quotations and citations omitted).

### III. ARGUMENT

#### A. Plaintiff Fails Again to Allege Facts Showing that Zoho Show Meets the "Looped Message" Limitation of the '211 Patent

As previously briefed in Zoho's prior motion to dismiss and discussed in the Court's R&R thereon, the '211 patent has 5 independent claims (claims 1, 35, 69, 103, 106) and 145 dependent claims. Each claim is directed to a method or system transmitting cursor and pointer messages between a server and one or more computers to the client processor circuit. *See* D.I. 15 (Motion to Dismiss) at 2-4; *AK Meeting IP LLC*, 2023 WL 1787303, at *1. Every independent claim requires the server to transmit the pointer movement *back* to the originating computer or client processor circuit. *See id.* This limitation (the "looped message" limitation) was specifically added after the examiner had rejected what would become claim 1 of the '211 patent based on the Fedotov prior art reference.[5] *See id.* In its R&R, the Court found AK Meeting had failed to plead facts showing how any accused product met this required material limitation, and therefore dismissed Plaintiff's claim of direct infringement.

AK Meeting fails to cure these pleading deficiencies in the SAC. The SAC is nearly identical to the FAC, making no substantive changes to its allegations other than omitting its allegations and claims related to the '124 patent, adding claims 69 and 103 to claim 1 (*see* SAC ¶ 9),[6] and attaching an updated chart. *Compare* SAC *with* FAC. While Plaintiff's updated chart

---

[5] Zoho again requests that the Court take judicial notice of the excerpts of the prosecution histories of the asserted patents submitted as Exhibits 1-3 to the Declaration of Ryan J. Marton submitted herewith ("Marton Decl") which were previously submitted with Zoho's Motion to Dismiss and judicially noticed by the Court in its R&R. *See* D.I. 15-1, Exs. 1-3; *AK Meeting IP LLC*, 2023 WL 1787303, at *1 n.1; Fed. R. Evid. 201(b)(2); *Vervain, LLC v. Micron Tech., Inc.*, No. 6:21-CV-00487-ADA, 2022 WL 23469, at *5 (W.D. Tex. Jan. 3, 2022).

[6] Claims 69 and 103 are materially identical to claim 1. All require a "first cursor message" be received at a server from a client computer and then requires that "first pointer message" be transmitted *back* to that same client computer. *See* SAC at Ex. B (D.I. 42-2) at claims 1, 69, and 103 (the "asserted claims").

4

no longer tries to mix and match disparate features of different Zoho products, it again merely annotates screenshots of Zoho's website[7] with conclusory allegations, this time, related to only Zoho Show.  *See generally* D.I. 42-2.  In particular, the totality of AK Meeting's alleged facts addressing the "looped message" limitation is shown below (red boxes in original):

> "Since Zoho [S]how can 'get your team on board and collaborate on presentations in real time' and team members can share(read/write) the presentations.  The server must transmit said first pointer message to said client computer."



---

[7] Zoho has submitted with this motion to dismiss, complete printouts of the URLs cited in Exhibit A to the SAC.  *See* D.I. 4-2; Marton Decl. ¶¶ 5-9, Exs. 4-8.  These documents are incorporated by reference into the SAC, and therefore the Court may consider their contents when deciding this motion to dismiss.  *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).



Source: https://www.zoho.com/show/collaborate-and-work-online.html

*See* D.I. 42-1 at 6,11, 15-16.

These allegations are inadequate. No facts are alleged which suggest that the server for Zoho Show transmits a presenter's pointer message *back* to the originating client computer. Other than AK Meeting's conclusory assertion that the server "must transmit said first pointer message to said client computer," there is no mention of any cursor or pointer message whatsoever. Such conclusory allegations that fail to identify how the accused product meets the limitations of the claim are insufficient. *See, e.g.*, *LS Cloud Storage Techs., LLC v. Amazon.com, Inc.*, No. 1:22-CV-1167-RP, 2023 WL 2290291, at *4 (W.D. Tex. Feb. 27, 2023) (failure to allege how device infringed claim limitation warranted dismissal).

At best, AK Meeting alleges that users can collaborate on presentations in real-time and share read/write privileges in Zoho Show. But none of these features involves the transmission of any cursor or pointer messages, let alone that any such transmissions are sent *back* to the originating client computer. Nor can any such inference be reasonably drawn. The "Pointer option" identified by Plaintiff is one of the "[a]dvanced presentation delivery tools" used "*during*

the slideshow." Marton Decl. Ex. 7 at 3-9 (emphasis added); *see also, e.g.*, D.I. 42-1 at 3-4. No evidence suggests that when users create, open, read, save, edit, comment on, or otherwise collaborate on the presentation itself, that this tool is used or that any cursor or pointer messages otherwise could or would be transmitted.

As alleged, Plaintiff's claim is "too vague to state a plausible claim for infringement." *LS Cloud Storage Techs.*, 2023 WL 2290291, at *4, citing *Ancora Techs., Inc. v. Lenovo Group Ltd.*, No. 1:19-CV-01712-CFC, 2020 WL 4530718 at *1 (D. Del. Aug. 6, 2020); *id.* ("At most…Plaintiff has shown that Defendants' technologies relate to [the asserted patents] generally. Plaintiff has not shown how each limitation is met. As a result, these allegations amount to "blanket assertions of infringement insufficient to put" Defendants on notice."). Because AK Meeting fails to show any reasonable inference that can be drawn whereby Zoho Show meets the "looped message" limitation of the '211 patent, the direct infringement claim should be dismissed.

### B.   Plaintiff Fails to Sufficiently Plead Any Claim for Indirect Infringement

The SAC also fails to set forth a plausible claim indirect infringement. First, the SAC fails to adequately plead direct infringement, therefore the indirect infringement claims necessarily fails. Second, the induced infringement claim fails because AK Meeting pleads no facts plausibly showing any requisite specific intent of Zoho. Third, the contributory infringement claims fails because the alleged facts not only fail to show that Zoho Show has no substantial non-infringing uses but that Zoho Show, in fact, does have substantial non-infringing uses, and because AK Meeting has not and cannot plead the essential element of materiality for this claim.

1. **The Complaint Fails to Allege the Requisite Underlying Claim for Direct Infringement.**

To plausibly allege a claim of indirect infringement, 35 U.S.C. §§ 271(b)-(c) require a patentee to show that the asserted patent was directly infringed. *See, e.g.*, *Limelight Networks, Inc. v. Akamai Techs., Inc.*, 572 U.S. 915, 921 (2014). ("[O]ur case law leaves no doubt that inducement liability may arise 'if, but only if, [there is] … direct infringement.'"); *see also AIDS Healthcare Found., Inc. v. Gilead Scis., Inc.*, 890 F.3d 986, 992 (Fed. Cir. 2018) ("Liability for induced infringement requires that some other entity is directly infringing the patent."); *De La Vega v. Microsoft Corp.*, No. W-19-CV-00612-ADA, 2020 WL 3528411, at *7 (W.D. Tex. Feb. 11, 2020) ("To support a claim for indirect infringement, a plaintiff must plead 'facts sufficient to allow an inference that at least one direct infringer exists.'") (citation omitted). Here, because the direct infringement claim is not adequately plead, the indirect infringement claims also fail and should be dismissed.

2. **The SAC Fails to Adequately Plead Induced Infringement**

Regardless, even if Plaintiff could allege a claim for direct infringement, it fails to plead a claim for induced infringement. For claims of induced infringement, a complaint must plead facts that plausibly show defendant had actual knowledge of the patent, knowingly induced a third-party to infringe the patent, and had specific intent to induce the patent infringement. *See, e.g.*, *Iron Oak Techs., LLC v. Acer Am. Corp.*, No. 6:17-CV-00143-RP-JCM, 2017 WL 9477677, at *4 (W.D. Tex. Nov. 28, 2017) (citation omitted); *Cleveland Clinic Found. v. True Health Diagnostics LLC*, 859 F.3d 1352, 1364 (Fed. Cir. 2017) ("The mere knowledge of possible infringement by others does not amount to inducement; specific intent and action to induce infringement must be proven.") (citation omitted). "There must be some showing by the Plaintiff of the accused infringer's 'taking of affirmative steps to bring about the desired result [of

8

infringement].'" *Iron Oak Techs*, 2017 WL 9477677, at *4 (citing *Global–Tech Appliances, Inc. v. SEB S.A.*, 131 S. Ct. 2060, 2065 (2011)).

>  Here, the SAC includes only the following threadbare recital and conclusory allegation:
>
>  Defendant has and continues to induce infringement. Defendant has actively encouraged or instructed others (e.g., its customers and/or the customers of its related companies), and continues to do so, on how to use its products and services (e.g., supporting multi-party communications between client computers in a computer network) such as to cause infringement of one or more of claims 1-150 of the '211 patent, literally or under the doctrine of equivalents. Moreover, Defendant has known of the '211 patent and the technology underlying it from at least the filing date of the lawsuit. For clarity, direct infringement is previously alleged in this complaint.

SAC ¶ 10 (footnotes omitted).

This is insufficient. The SAC alleges no facts showing that Zoho had any specific intent to induce users to practice the asserted claims. Simply alleging generally, as AK Meeting has done, that a defendant shows customers how to use its product or service is not enough. *See, e.g.*, *Addiction & Detoxification Inst. L.L.C. v. Carpenter*, 620 F. App'x 934, 938 (Fed. Cir. 2015) (finding conclusory allegations that a defendant "acted with specific intent" or acted to "urge, instruct, [and/or] encourage" infringement insufficient to support an induced infringement claim); *Core Wireless Licensing S.A.R.L. v. Apple Inc.*, No. 6:14-CV-752-JRG-JDL, 2015 WL 12850550, at *4 (E.D. Tex. July 15, 2015), *report and recommendation adopted*, No. 6:14-CV-752-JRG-JDL, 2015 WL 4910427 (E.D. Tex. Aug. 14, 2015) ("[G]eneric allegations that an alleged infringer provides instructional materials along with the accused products, without more, are insufficient to create a reasonable inference of specific intent") (citations omitted); *Iron Oak Techs.*, 2017 WL 9477677, at *6 (finding conclusory allegations of plaintiff's induced infringement claims did "not meet the pleading standards established in *Twombly* and *Iqbal*"). Any claim of induced infringement should be dismissed.

9

### 3. The SAC Fails to Adequately Plead Contributory Infringement

Plaintiff's contributory infringement claim fares no better. To adequately state a claim for contributory infringement, a patentee must allege direct infringement, the accused infringer had knowledge of the patent, the component has no substantial non-infringing uses, and the component is a material part of the invention. *Iron Oak Techs*, 2017 WL 9477677, at *6 (citations omitted).

AK Meeting's allegations in support of its contributory infringement claim again consists of only the following threadbare recital and conclusory allegation:

> "Defendant has and continues to contributorily infringe. Defendant has actively encouraged or instructed others (e.g., its customers and/or the customers of its related companies), and continues to do so, on how to use its products and services (e.g., supporting multi-party communications between client computers in a computer network) and related services such as to cause infringement of one or more of claims 1-150 of the '211 patent, literally or under the doctrine of equivalents. Further, there are no substantial noninfringing uses for Defendant's products and services. Moreover, Defendant has known of the '211 patent and the technology underlying it from at least the filing date of the lawsuit.

SAC ¶ 11 (footnotes omitted).

These allegations are insufficient support a claim of contributory infringement. There are no facts pled giving rise to any inference that Zoho Show has no substantial non-infringing uses. *Iron Oak Techs., LLC*, 2017 WL 9477677, at *7 (finding such "factually threadbare claims" which "merely recite the elements of contributory infringement" did not satisfy *Twombly/Iqbal*) (citations omitted). Moreover, the SAC provides clear affirmative evidence that Zoho Show has numerous uses, features, and functionalities entirely unrelated a pointer feature that may be used during a slideshow. *See* D.I. 42-1 and Marton Decl. Exs. 4-8 (reflecting Zoho Show's wide variety of uses, including ability to design, collaborate on, and share presentation content among multiple users and devices).

Additionally, the SAC fails to allege (conclusorily or otherwise) that the accused components are a material part of the invention. *See Merck Sharp & Dohme Corp. v. Teva Pharms. USA, Inc.,* No. CV 14-874-SLR-SRF, 2015 WL 4036951, at *6 (D. Del. July 1, 2015), *report and recommendation adopted*, No. 14-874-SLR-SRF, 2015 WL 4477699 (D. Del. July 22, 2015) (finding and dismissing contributory infringement claim as "facially deficient" where it failed to allege materiality under Section 271(c)) (citations omitted); *see also Core Wireless Licensing S.A.R.L.*, 2015 WL 4910427, at *5 ("But none of these generic allegations provide any factual basis upon which a plausible inference of contributory infringement can be drawn. [Plaintiff] does not identify the general functionality of the respective patents, the hardware and/or software components it accuses, or how those components are material and especially adapted for infringement.").

Because the SAC reveals that the accused product has substantial non-infringing uses, and fails to plead materiality, the allegations of contributory infringement should be dismissed.

### C. Plaintiff's SAC Should Be Dismissed with Prejudice

Because Plaintiff has "incurably failed to state a claim," Zoho respectfully requests that dismissal be with prejudice. *Pak v. Cap. One Bank*, No. 616CV00226RWSJDL, 2016 WL 7485681, at *3 (E.D. Tex. Oct. 31, 2016), *report and recommendation adopted*, No. 6:16- CV-226, 2016 WL 7474537 (E.D. Tex. Dec. 29, 2016); *see also, e.g.*, *Soar Tools, LLC v. Mesquite Oil Tools, Inc.*, No. 5:19-CV-243-H, 2021 WL 3030066, at *9 (N.D. Tex. July 2, 2021). Plaintiff has already been given an opportunity to cure the pleading deficiencies identified by the Court in its prior order. Its failure to cure these deficiencies in the SAC demonstrates that Plaintiff not merely has not, but that it also cannot, allege that Zoho Show (or any other Zoho product) meets the "looped message" limitation required by all claims of the '211 patent. Because any further

attempt at amendment would be futile, Plaintiff's SAC should be dismissed without leave to amend.

## IV.    CONCLUSION

For the foregoing reasons, Zoho respectfully requests the Court dismiss AK Meeting's SAC without leave to amend.

Dated:  April 17, 2023                             Respectfully submitted,


By:    /s/ *Ryan J. Marton*
       Ryan J. Marton (admitted *Pro Hac Vice*)
       Phillip J. Haack (admitted *Pro Hac Vice*)
       MARTON RIBERA SCHUMANN & CHANG LLP
       548 Market Street, Suite 36117
       San Francisco, CA 94104
       Telephone:  (415) 360-2515
       Email:      ryan@martonribera.com
                   phaack@martonribera.com

       Darryl Adams
       Texas State Bar No. 00796101
       dadams@sgbfirm.com
       SLAYDEN GRUBERT BEARD PLLC
       401 Congress Ave., Ste. 1650
       Austin, Texas 78701
       Telephone: (512) 402-3550
       Facsimile: (512) 402-6865

       *Attorneys for Defendant Zoho Corporation*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing is being served on the counsel of record via the CM/ECF system on April 17, 2023.

*/s/ Ryan J. Marton*
Ryan J. Marton
