# EXHIBIT 1

# United States Patent and Trademark Office

**UNITED STATES DEPARTMENT OF COMMERCE**
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 11/694,817 | 03/30/2007 | Alexander Kropivny | 22493-003001 / 83120-2 | 1570 |

20985      7590      09/03/2010
FISH & RICHARDSON, PC
P.O. BOX 1022
MINNEAPOLIS, MN 55440-1022

| EXAMINER |
|---|
| VU, THANH T |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2175 | |

| NOTIFICATION DATE | DELIVERY MODE |
|---|---|
| 09/03/2010 | ELECTRONIC |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

Notice of the Office communication was sent electronically on above-indicated "Notification Date" to the following e-mail address(es):

PATDOCTC@fr.com

PTOL-90A (Rev. 04/07)

| Office Action Summary | Application No. | Applicant(s) |
|---|---|---|
| | 11/694,817 | KROPIVNY, ALEXANDER |
| | Examiner | Art Unit |
| | THANH T. VU | 2175 |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --*

**Period for Reply**

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE *3* MONTH(S) OR THIRTY (30) DAYS, WHICHEVER IS LONGER, FROM THE MAILING DATE OF THIS COMMUNICATION.
- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133). Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

**Status**

1) ☐ Responsive to communication(s) filed on *04 June 2010*.
2a) ☒ This action is **FINAL.**   2b) ☐ This action is non-final.
3) ☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle,* 1935 C.D. 11, 453 O.G. 213.

**Disposition of Claims**

4) ☒ Claim(s) *39-123* is/are pending in the application.
    4a) Of the above claim(s) _____ is/are withdrawn from consideration.
5) ☐ Claim(s) _____ is/are allowed.
6) ☒ Claim(s) *39-123* is/are rejected.
7) ☐ Claim(s) _____ is/are objected to.
8) ☐ Claim(s) _____ are subject to restriction and/or election requirement.

**Application Papers**

9) ☐ The specification is objected to by the Examiner.
10) ☐ The drawing(s) filed on _____ is/are: a) ☐ accepted or b) ☐ objected to by the Examiner.
    Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).
    Replacement drawing sheet(s) including the correction is required if the drawing(s) is objected to. See 37 CFR 1.121(d).
11) ☐ The oath or declaration is objected to by the Examiner. Note the attached Office Action or form PTO-152.

**Priority under 35 U.S.C. § 119**

12) ☒ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).
    a) ☐ All   b) ☐ Some *   c) ☐ None of:
      1. ☐ Certified copies of the priority documents have been received.
      2. ☐ Certified copies of the priority documents have been received in Application No. _____.
      3. ☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).
    * See the attached detailed Office action for a list of the certified copies not received.

**Attachment(s)**

1) ☐ Notice of References Cited (PTO-892)
2) ☐ Notice of Draftsperson's Patent Drawing Review (PTO-948)
3) ☒ Information Disclosure Statement(s) (PTO/SB/08)
    Paper No(s)/Mail Date *08/04/2010*.
4) ☐ Interview Summary (PTO-413)
    Paper No(s)/Mail Date. _____.
5) ☐ Notice of Informal Patent Application
6) ☐ Other: _____.

Application/ Control Number: 11/694,817　　　　　　　　　　　　　　　　　　　　　Page 2
Art Unit: 2175

## DETAILED ACTION

This communication is responsive to Amendment, filed 06/04/2010

Claims 39-123 are pending in this application. This action is made Final.

### *Claim Rejections - 35 USC §102*

The following is a quotation of the appropriate paragraphs of 35 U.S.C. 102 that form the basis for the rejections under this section made in this Office action:

A person shall be entitled to a patent unless -

(b) the invention was patented or described in a printed publication in this or a foreign country or in public use or on sale in this country, more than one year prior to the date of application for patent in the United States.

Claims 39-41, 43-64, 66-87, 89-108, 110-123 are rejected under 35 U.S.C. 102(b) as being anticipated by Fedotov et al. ("Fedotov", US 2004/0181796).

Per claim 39, Fedotov teaches a method for supporting multiple-party communications in a computer network including a server and at least one client computer, the method comprising:

receiving a first cursor message at the server from the client computer, said first cursor message representing a change in a position of a first cursor associated with the client computer in response to user input received from a user of the client computer ([0052]; [0065]; [0074]; [0095]; [0157] ; [0304])

producing a first pointer message in response to said first cursor message, said first pointer message representing said change in said position of said first cursor provided by said first cursor message ([0052]; [0065]; [0074]; [0095]; [0157] ; [0304]); and

transmitting said first pointer messages to said client computer [0065];[0073][0144],

Application/ Control Number: 11/694,817 Page 3
Art Unit: 2175

Per claim 40, Fedotov teches the method of claim 39 wherein the server is operably configured to host a plurality of multiple-party communications and further comprising locating a multiple-party communication associated with a user identifier, said user identifier being associated with said cursor message ([0 100];[0 127]; [0147]).

Per claim 41, Fedotov teches the method of claim 40 wherein locating said multiple-party communication associated with said user identifier comprises locating a multiple-party communication associated with at least one of: a user identifier included in a payload of said cursor message; a port identifier associated with the client computer; and an internet protocol (IP) address associated with the client computer ([0 100];[0 127]; [0147]).

Per claim 43, Fedotov teaches the method of claim 39 wherein producing said first pointer message comprises storing said first cursor message in a shared buffer associated with the associated multiple-party communication ([0051]; [0074]; [0116]; [0127]).

Per claim 44, Fedotov teaches the method of claim 43 wherein transmitting said first pointer message comprises copying said first cursor message into a transmit buffer associated with said user identifier, to facilitate said transmitting ([0074]; [0116]; [0127]).

Per claim 45, Fedotov teaches the method of claim 39 further comprising establishing a multiple-party communication in response to a signal received from the client computer ([0118];[0125]).

Per claim 46, Fedotov teaches the method of claim 45 wherein establishing said multiple-party communication comprises creating a shared buffer and associating a communication identifier with said shared buffer ([0074]; [0116]; [0127]).

Application/Control Number: 11/694,817 Page 4
Art Unit: 2175

Per claim 47, Fedotov teaches the method of claim 46 wherein creating said shared buffer comprises: allocating a plurality of memory stores to said multiple-party communication; associating a start data pointer with said plurality of memory stores, said start data pointer representing a location of a store in which a first message associated with the multiple-party communication is stored, associating a current data pointer with said plurality of memory stores, said current data pointer representing a location of a store in which a last message associated with the multiple-party communication is stored and associating a client sent pointer with said plurality of memory stores, said client sent pointer being associated with the client computer and representing a location of a store in which a last message sent to the associated client computer is stored ([0032];[0064]; [0065]; [0074; [0111]; [0116],

Per claim 48, Fedotov teaches the method of claim 43 further comprising: receiving a message from the client computer representing a request by the client computer to clear content displayed on a display area of the client computer; and transmitting a clear screen message to the client computer, said clear screen message being operable to cause content associated with messages previously transmitted to the client computer to be deleted on said display area of the client computer ([0095]; [0260]).

Per claim 49, Fedotov teaches the method of claim 43 further comprising: receiving a save message from the client computer, said save message representing a request by the user of the client computer to save content displayed on a display area of the client computer; and causing pointer messages in said shared buffer to be saved to persistent storage [0212]; [0256]; [0209],

Application/Control Number: 11/694,817 Page 5
Art Unit: 2175

Per claim 50, Fedotov teaches the method of claim 43 further comprising: receiving an open message from the client computer, said open message representing a request by the user of the client computer to load content previously saved during the multiple-party communication, saving pointer messages in said shared buffer to a persistent memory, transmitting a clear screen message to the client computer, said clear screen message being operable to cause content associated with pointer messages previously transmitted to the client computer to be deleted on a display area of the client computer, loading a plurality of previously saved pointer messages into said shared buffer from said persistent memory, and transmitting said plurality of previously saved pointer messages to the client computer ([0010];[0095]; [0260]) [0212]; [0256]; [0209]; [0275];[0280]).

Per claim 51, Fedotov teaches the method of claim 43 further comprising: receiving a page change message from the client computer said page change message representing a request by the user of the client computer to change content displayed on a display area of the client computer, saving pointer messages in said shared buffer to a persistent memory store, and transmitting a clear screen message to the client computer, said clear screen message being operable to cause content associated with pointer messages previously transmitted to the client computer to be deleted on said display area of the client computer ([0010];[0095]; [0260]) [0212]; [0256]; [0209]; [0275];[0280],

Per claim 52, Fedotov teaches the method of claim 51 further comprising loading a plurality of previously saved pointer messages into said shared buffer from said persistent memory and transmitting said previously saved messages to the client computer ([0010];[0095]; [0260]) [0212]; [0256]; [0209]; [0275];[0280],

Application/Control Number: 11/694,817 Page 6
Art Unit: 2175

Per claim 53, Fedotov teaches the method of claim 52 further comprising determining a message type associated with said pointer message and wherein transmitting said previously saved pointer messages comprises transmitting only pointer messages of a persistent message type to the client computer ([0010];[0095]; [0260]) [0212]; [0256]; [0209]; [0275];[0280],

Per claim 54, Fedotov teaches the method of claim 45 further comprising associating a client table with a communication identifier identifying said multiple-party communication ([0100]; [0127]; [0147]; [0265]).

Per claim 55, Fedotov teaches the method of claim 54 further comprising storing an identification of the client computer in the client table ([0100]; [0127]; [0147]; [0265]).

Per claim 56, Fedotov teaches the method of claim 55 further comprising associating a receive buffer and a transmit buffer with the client identifier, said receive buffer being operably configured to store cursor messages received from the client computer and said transmit buffer being operably configured to store pointer messages to be transmitted to the client computer ([0100]; [0127]; [0147]; [0265]).

Per claim 57, Fedotov teaches the method of claim 55 further comprising: receiving a disconnect message from the client computer, said disconnect message representing a request by the user of the client computer to disconnect from the multiple-party communication and deleting said identification of the client computer in the client table ([0123]; [0138]; [0139]).

Per claim 58, Fedotov teaches the method of claim 57 further comprising causing the multiple-party communication to be discontinued when said identification of the client computer is an only client computer in the client table and wherein said disconnect message includes a

Application/Control Number: 11/694,817 Page 7
Art Unit: 2175

request by said user of the client computer to discontinue the multiple-party communication after disconnecting the client computer ([0123]; [0138]; [0139]).

Per claim 59, Fedotov teadhes the method of claim 57 further comprising causing the multiple-party communication to continue running when at least one of: the client computer is not an only client computer in the client table; and said disconnect message does not include a request to discontinue the multiple-party communication after disconnecting the client computer; and said disconnect message includes a request to keep the multiple-party communication running after disconnecting the client computer ([0123]; [0138]; [0139]).

Per claim 60, Fedotov teaches the method of claim 39 wherein said client computer is a first client computer in a multiple-party communication, and further comprising: receiving a second cursor message at the server, said second cursor message representing a change in a position of a second cursor displayed on a second client computer in the computer network and transmitting a second pointer message to said first and second client computers, said second pointer message representing said change in said position of said second cursor provided by said second cursor message  ([0052]; [0065]; [0074]; [0095]; [0157] ; [0304]).

Per claim 61, Fedotov teaches the method of claim 60 further comprising associating a time of receipt of said first cursor message at the server with said first cursor message and associating a time of receipt of said second cursor message at the server with said second cursor message, and wherein transmitting said first pointer message and transmitting said second pointer message comprises transmitting said respective pointer messages in a time order corresponding to said time of receipt of each corresponding cursor message ([0052]; [0065]; [0074]; [0095]; [0157] ;  [0304]).

Application/Control Number: 11/694,817 Page 8
Art Unit: 2175

Claims 62-64, and 66-84 are rejected under the same rationale as claims 39-41, and 43-61 respectively.

Claims 85-87, and 89-107 are rejected under the same rationale as claims 39-41, and 43-61 respectively.

Claim 108 is rejected under the same rationale as claim 39.

Claims 110 and 111 are rejected under the same rationale as claim 39 and 40 respectively.

Per claim 112, Fedotov teaches the method of claim 39 wherein receiving said first cursor message comprises receiving a plurality of cursor messages, each of said plurality of cursor messages representing a subsequent change in said position of said first cursor, and wherein producing said first pointer message comprises producing a plurality of pointer messages representing said subsequent changes in said position of said first cursor ([0052]; [0065]; [0074]; [0095]; [0157]; [0304]).

Claims 113-114 are rejected under the same rationale as claim 112.

Per claim 115, Fedotov teaches he method of claim 39 wherein the at least one client computer comprises a first client computer in a plurality of client computers and further comprising transmitting said first pointer message to client computers in said plurality of client computers other than said first client computer ([0052]; [0065]; [0073]; [0074]; [0095]; [0144]; [0157]; [0304]).

Per claim 116, Fedotov teadches the method of claim 115 wherein transmitting said first pointer message to client computers in said plurality of client computers other than said first

Application/Control Number: 11/694,817 Page 9
Art Unit: 2175

client computer comprises: determining a message type associated with said first cursor message; transmitting said first pointer message to: a) each of the plurality of client computers when said first cursor message is associated with user input that is operable to produce a persistent change to multiple-party communication content; and b) ones of the plurality of client computers that meet a criterion when said first cursor message is associated with user input that produces a cursor movement at said one of said plurality of client computers and wherein said cursor movement does not produce a persistent change to the multiple-party communication content ([0052]; [0065]; [0073]; [0074]; [0095]; [0144]; [0157]; [0304]).

Per claim 117, Fedotov teaches the method of claim 116 wherein transmitting said first pointer message to said ones of the plurality of client computers that meet said criterion comprises transmitting said first pointer message to said ones of the plurality of client computers when all previously received messages of said persistent message type have been transmitted to said ones of the plurality of client computers during the multiple-party communication ([0052]; [0065]; [0073]; [0074]; [0095]; [0144]; [0157]; [0304]).

Claims 118-120 are rejected under the same rationale as claims 115-117 respectively.

Claims 121-123 are rejected under the same rationale as claims 115-117 respectively.

### *Response to Arguments*

Applicants' arguments in the Amendment have been fully considered but are not persuasive.

Application/Control Number: 11/694,817 Page 10
Art Unit: 2175

Applicant's primary argument is that Fedotov does not teach "producing a first pointer message in response to said first cursor message, said first pointer message representing said change in said position of said first cursor provided by said first cursor message; and transmitting said first pointer messages to said client computer".

The examiner does not agree for the following reasons:

During patent examination, the pending claims must be "given >their< broadest reasonable interpretation consistent with the specification." > In re Hyatt, 211 F.3d 1367, 1372, 54 USPQ2d 1664, 1667 (Fed. Cir. 2000). Although the claims are interpreted in light of the specification, limitations from the specification are not read into the claims.  See *In re Van Geuns,* 988 F.2d 1181, 26 USPQ2d 1057 (Fed. Cir. 1993).

Applicant always has the opportunity to amend the claims during prosecution, and broad interpretation by the examiner reduces the possibility that the claim, once issued, will be interpreted more broadly than is justified. In re Prater, 415 F.2d 1393, 1404-05, 162 USPQ 541, 550-51 (CCPA 1969).

Fedotov teaches reads on the claimed language of producing a first pointer message in response to said first cursor message, said first pointer message representing said change in said position of said first cursor provided by said first cursor message and transmitting said first pointer messages to said client computer. *For example, in paragraph [0074], Fedotov shows an attendee (i.e. the client computer) initiates an "event" such as a change to a collaboration object (e.g. the change to a collaboration object includes cursor movement, see paragraph [03043]). The event (i.e. cursor message) is the passed to the control unit 222 which is located at the*

Application/Control Number: 11/694,817 Page 11
Art Unit: 2175

*server (figs. 1 and 2). The control unit processes the event and forwards the event (i.e. pointer message) to all attendees (i.e. all client computers).*

## *Conclusion*

**THIS ACTION IS MADE FINAL.** Applicant is reminded of the extension of time policy as set forth in 37 CFR 1.136(a).

A shortened statutory period for reply to this final action is set to expire THREE MONTHS from the mailing date of this action. In the event a first reply is filed within TWO MONTHS of the mailing date of this final action and the advisory action is not mailed until after the end of the THREE-MONTH shortened statutory period, then the shortened statutory period will expire on the date the advisory action is mailed, and any extension fee pursuant to 37 CFR 1.136(a) will be calculated from the mailing date of the advisory action. In no event, however, will the statutory period for reply expire later than SIX MONTHS from the mailing date of this final action.

## *Inquiries*

Any inquiry concerning this communication or earlier communications from the examiner should be directed to THANH T. VU whose telephone number is (571)272-4073. The examiner can normally be reached on Mon- Fri 7:00 AM - 3:30 PM.

If attempts to reach the examiner by telephone are unsuccessful, the examiner's supervisor, William L. Bashore can be reached on (571) 272-4088. The fax phone number for the organization where this application or proceeding is assigned is 571-273-8300.

Application/Control Number: 11/694,817 Page 12
Art Unit: 2175

Information regarding the status of an application may be obtained from the Patent Application Information Retrieval (PAIR) system. Status information for published applications may be obtained from either Private PAIR or Public PAIR. Status information for unpublished applications is available through Private PAIR only. For more information about the PAIR system, see http://pair-direct.uspto.gov. Should you have questions on access to the Private PAIR system, contact the Electronic Business Center (EBC) at 866-217-9197 (toll-free). If you would like assistance from a USPTO Customer Service Representative or access to the automated information system, call 800-786-9199 (IN USA OR CANADA) or 571-272-1000.

/Thanh T. Vu/
Primary Examiner, Art Unit 2175