# EXHIBIT 2

Applicant   :   Alexander Kropivny                                Attorney's Docket No.:  22493-0003001 / 83120-2
Serial No.  :   11/694,817
Filed       :   March 30, 2007
Page        :   35 of 42

## **REMARKS**

By the present amendment claims 39, 62, 85, 108, 110, 116, 119, and 122 have been amended and new claims 124 - 165 have been added. No new matter has been added. Claims 1 - 38, 42, 65, 88 and 109 have been previously cancelled and therefore claims 39 - 41, 43 - 64, 66 - 87, 89 - 108, 110 - 165 are presently pending in the application and favourable consideration thereof is respectfully requested.

Claim Rejections -  35 U.S.C. §102

Claims 39 - 41, 43 - 64, 66 - 87, 89 - 108, 110 - 123 stand rejected under 35 U.S.C. §102(b), as being allegedly anticipated by Fedotov et al. (US2004/0181796).

Applicant respectfully submits that the Fedotov reference fails to satisfy the requirements for a finding of anticipation of independent claims 39, 62, 85, 108 and 110. In this regard, the standard for an anticipation rejection under 35 U.S.C. §102 has been well established by the Court of Appeals for the Federal Circuit, and is summarized in M.P.E.P. § 2131:

> "A claim is anticipated only if each and every element as set forth in the claim is found, either expressly or inherently described, in a single prior art reference." Verdegaal Bros. v. Union Oil Co. of California, 814 F.2d 628, 631, 2 USPQ2d 1051, 1053 (Fed. Cir. 1987). ... "The identical invention must be shown in as complete detail as is contained in the ... claim." Richardson v. Suzuki Motor Co., 868 F.2d 1226, 1236, 9 USPQ2d 1913, 1920 (Fed. Cir. 1989). The elements must be arranged as required by the claim, but this is not an *ipsissimis verbis* test, i.e., identity of terminology is not required. In re Bond, 910 F.2d 831, 15 USPQ2d 1566 (Fed. Cir. 1990).

In Applicant's previous response of June 4, 2010, Applicant submitted that Fedotov et al. fails to disclose or suggest producing a first pointer message in response receiving a first cursor

Applicant : Alexander Kropivny  Attorney's Docket No.: 22493-0003001 /83120-2
Serial No. : 11/694,817
Filed : March 30, 2007
Page : 36 of 42

message from a client computer, and also fail to disclose transmitting the first pointer message to the client computer, as generally recited in Applicant's claim 39. In this regard claim 39 defines two different messages, namely a "cursor message" and a "pointer message". Applicant's use of different terms in reciting these respective elements implies that the messages differ in some respect. In this case the messages differ in at least their effect. As set forth in Applicant's disclosure on page 36 at paragraph [00170]:

> "In this application the word "cursor" is used to refer to the client computer cursor on the respective displays 15, 17, and 19. The word "pointer" is used to refer to a secondary pointer, which is also displayed on the respective displays 15, 17, and 19 of the respective client computers 14, 16, or 18."

The cursor message represents a change in a position of a cursor on the client computer, as recited in claim 39. The pointer message represents the change in position of the cursor (as recited in Applicant's claim 39) and provides information for display of a secondary pointer, as disclosed in the above passage of Applicant's originally filed disclosure. Applicant has amended claim 39 to further define the pointer message in claim 39 as being "operable to cause display of a pointer on the client computer". The display of a pointer provides feedback to a user of the client computer of a network latency associated with a round trip from the client computers to the server and back again to the client computer. The displayed pointer also more closely corresponds to the client's pointer as it would be displayed on other client computers, which are likely to encounter a similar network latency.

Applicant submits that the recited cursor message and pointer message in amended claim 39 differ in at least this respect, even though in some of Applicant's disclosed embodiments the pointer message may include the same information content as the cursor message. The pointer message however differs in its effect from the cursor message as described above and as recited in amended claim 39.

The Examiner appears to have overlooked any difference in the meaning of the terms "cursor" and "pointer" as used in Applicant's disclosure and claims. In connection with the cursor message, the Examiner has indicated that the "event" disclosed in paragraph 0034 of Fedotov et al. may include cursor movements, and thus the Examiner appears to equate the

Applicant    :  Alexander Kropivny                              Attorney's Docket No.:  22493-0003001 /83120-2
Serial No.   :  11/694,817
Filed        :  March 30, 2007
Page         :  37 of 42

cursor movement event disclosed by Fedotov et al. with Applicant's recited cursor message.  In connection with the pointer message, the Examiner appears to view the cursor movement event of Fedotov et al., when processed and forwarded by the disclosed control unit, as corresponding to Applicant's recited "pointer message".  Applicant respectfully disagrees with this interpretation since there is no disclosure in Fedotov et al. of an event or message that would result in display of <u>a pointer on the computer of an attendee that initiated the event.</u>  In fact Fedotov et al. completely fail to disclose anything that corresponds to display of a secondary pointer on the client computer <u>that initiated a specific cursor movement event.</u>

On page 9 of the Office Action, in the Examiner's response to Applicant's arguments submitted in Applicant's amendment of June 4, 2010, the Examiner has specifically referenced paragraph 0074 of Fedotov et al. as reading on Applicant's claim language of "producing <u>a first pointer message</u> in response to said first cursor message, said first pointer message representing said change in said position of said first cursor provided by said first cursor message and <u>transmitting said first pointer messages to said client computer</u>" [Emphasis Added],  Paragraph 0074 of Fedotov et al. reads as follows:

> [0074] When an attendee initiates an "event" (e.g., a change to a collaboration object), the attendee's client transmits the event to organizer 202 (through an MX module 204) via a virtual channel.  The organizer (e.g., filter layer 230) receives the event and verifies that the sender has permission to initiate the event.  The event is then passed to the control unit 222 corresponding to the collaboration mode in which the event occurred.  <u>The control unit processes the event and forwards it to some or all attendees of the collaboration mode, if necessary.</u> [Emphasis Added],

As stated in Applicant's response of June 4, 2010, Applicant is of the view that this paragraph of Fedotov et al. falls far short of disclosing that a pointer message representing a change in the position of in a cursor object primitive should or could be produced in the disclosed system.

Firstly, the cited passage of Fedotov et al. is ambiguous as to whether or not the event should be forwarded to the attendee that initiated the event, as is evidenced by the language

Applicant : Alexander Kropivny                    Attorney's Docket No.: 22493-0003001 /83120-2
Serial No. : 11/694,817
Filed      : March 30, 2007
Page       : 38 of 42

"some or all attendees" and "if necessary". Applicant was not able to find any further disclosure in Fedotov et al. relating to the circumstances under which the event would be forwarded to all of the attendees rather than just some of the attendees, or when it would be deemed "necessary" to forward the event to any of the attendees. Applicant suggests that the most probable circumstances under which it would <u>not be necessary</u> to send the event to a specific attendee, would be in a case where the specific attendee had initiated a cursor movement event. This interpretation of the disclosure of Fedotov et al. is consistent with the lack of any further disclosure in the cited reference as to how an event representing a cursor movement would or could be processed if received by the computer of the attendee that initiated the event.

In Figure 8, Fedotov et al. disclose a presenter's desktop sharing environment in which the presenter's coder/decoder (codec) acts as an encoder and other attendee's coder/decoders act as decoders [Paragraph 0068], The presenter's codec produces the necessary primitives to be sent to other attendees to allow them to reproduce the presenter's desktop [Paragraph 0179], The presenter's operating system forwards network packets (presumably including the primitives) to the other attendees [Paragraph 0177], Absent in the disclosure of Fedotov et al. related to Figure 8 is any mention of whether network packets would be received at the presenter's desktop environment, and how such a network packet would be processed if it were to be received. Applicant submits that this embodiment of Fedotov et al. fails to support a conclusion that forwarding of cursor movement events back to the presenter is disclosed in paragraph 0074 of the cited reference.

In Figure 11, Fedotov et al. show a collaboration module that applies intercepted video function calls to update or supplement a client's real-time collaboration as necessary. If an intercepted call is intended to draw an object on the video display, the display driver will still do so, however the collaboration module can forward the operation to other collaborators [Paragraph 0270], However, there is still nothing in the disclosure related to Figure 11 of Fedotov et al. as to what would happen if an operation initiated by the client were to be received from a server at the collaboration module or how such an event would be processed. Presumably if a cursor movement event corresponding to a previous cursor movement at the client were to be received back at the disclosed client, the cursor movement event would likely be in conflict with

Applicant   :   Alexander Kropivny               Attorney's Docket No.: 22493-0003001 / 83120-2
Serial No.  :   11/694,817
Filed       :   March 30, 2007
Page        :   39 of 42

the client's currently intercepted cursor movements and may cause erratic movement of the cursor on the client's display. However, there is no disclosure in Fedotov et al. of any such conflict or how to resolve this conflict which would likely occur if cursor primitives were to be received at the same client that initiated the cursor movement. Accordingly, Applicant submits that it is reasonable to conclude that no such cursor movement event is transmitted back to the client in the system disclosed by Fedotov et al. Applicant therefore submits that this embodiment of Fedotov et al. also fails to support a conclusion that forwarding of cursor movement events back to the presenter is disclosed in the cited reference.

In a desktop sharing engine embodiment shown in Figure 13 of Fedotov et al., a mouse controller tracks the position and shape of the mouse cursor and may check if the cursor position has changed and return the current position if it has changed [Paragraph 0304], At paragraph 0308 Fedotov et al. goes on to disclose:

> "Input emulator 1320 emulates input events (e.g., cursor movements, content changes) <u>received from remote entities</u> (e.g., <u>other</u> clients participating in the desktop sharing collaboration). Remote input events may be restricted to the currently shared area of the desktop. For example, coordinates of <u>remote mouse events</u> may be compared to the shared region to determine whether the event should be implemented or discarded. Remote keyboard events are tied to particular windows. A given keyboard event is implemented only if its window lies entirely within the shared area of the desktop. Local input is usually given priority over remote input." [Emphasis Added]

While in this embodiment, Fedotov et al. provides some disclosure of how remote mouse events received from <u>other clients</u> are processed, again there is no disclosure of even receiving, let alone processing of mouse events initiated <u>by the same client that initiated the mouse movement.</u>

Applicant therefore submits that Fedotov et al., taken as a whole, does not disclose forwarding cursor movement events back to the attendee that initiated the event, and reliance on the passage of Fedotov et al. in paragraph 0074 as teaching this feature of Applicant's claim is not consistent with the rest of the of the disclosure of Fedotov et al. Applicant therefore submits

Applicant : Alexander Kropivny  Attorney's Docket No.: 22493-0003001 /83120-2
Serial No. : 11/694,817
Filed : March 30, 2007
Page : 40 of 42

that Fedotov et al. fails to disclose each and every element as set forth in the Applicant's amended claim 39, in as complete detail as is contained in the claim and therefore the test for anticipation is not met by the cited reference. Accordingly, Applicant respectfully submits that the Examiner's rejection of amended claim 39 under 35 U.S.C. §102(b) is not proper and should be withdrawn.

Applicant's independent claims 62, 85, 108, and 110 have been similarly amended and should also be allowable.

Claims 40, 41, 43 - 61, 63, 64, 66 - 84, 86, 87, 89 - 107 are all ultimately dependent on one of independent claims 39, 62, and 85 and should be allowable due to their dependency and due to the additional subject matter these claims recite.

Applicant has amended claim 116, 119 and 122 for editorial reasons to recite "said first cursor message <u>has a message type</u> associated with user input", to better define Applicant's subject matter. Applicant's dependent claim 116 generally recites <u>determining a message type</u> and transmitting the pointer message ones of the plurality of client computers that meet a criterion when the cursor message has a message type <u>associated with user input that produces a cursor movement that does not produce a persistent change to the multiple-party communication content</u>. Applicant respectfully submits that Fedotov et al. fails to even disclose that changes may be persistent or non-persistent and thus fails to disclose anything that corresponds to selectively transmitting only non-persistent changes to clients that meet a criterion. Applicant therefore submits that the Examiner's rejection of claim 116 is not proper and should be withdrawn for this additional reason.

Furthermore, in connection with claim 117, since Fedotov et al. fails to disclose anything that corresponds to selective transmission of non-persistent changes, the cited reference also fails to disclose "transmitting said first pointer message to said ones of the plurality of client computers when all previously received messages of said persistent message type have been transmitted to said ones of the plurality of client computers during the multiple-party communication", as recited in claim 117. Applicant therefore submits that the Examiner's rejection of claim 117 is not proper and should be withdrawn for this additional reason.

Applicant    :  Alexander Kropivny                                Attorney's Docket No.:  22493-0003001 /83120-2
Serial No.  :  11/694,817
Filed         :  March 30, 2007
Page         :  41 of 42

Similarly, Applicant submits that the Examiner's rejection of claims 119, 120, 122 and 123 is also not proper and should be withdrawn.

Claim 110 is a system claim and recites elements of a server processor circuit that generally correspond to the elements recited in claim 39, and therefore claim 110 should be patentable for at least the reasons set for the above in connection with claim 39. Additionally, claim 110 recites a client processor circuit that transmit the first cursor message to the server, and is operably configured to receive the first pointer message from the server and to <u>cause a corresponding change in a position of a first pointer associated with said first cursor and displayed on a display area of the client computer, in response to said first pointer message.</u> As stated above there is no disclosure of a secondary pointer being displayed on the same client computer that originated the cursor movement in any of the disclosed embodiments disclosed by Fedotov et al. Accordingly, Applicant submits that the cited reference fails to support an anticipation rejection of Applicant's system claim 110, regardless of whether or not the Examiner views claims 39, 62, and 85 as being directed to patentable subject matter or not. Applicant therefore submits that the Examiner's rejection of claim 110 under 35 U.S.C. §102(b) is improper and should be withdrawn.

<u>New Claims</u>

Applicant has added new claims 124 - 157, which are all ultimately dependent on Applicant's system claim 110 and should be allowable due to their dependency and due to the additional subject matter these claims recite. Claims 124 - 144 generally correspond to currently pending dependant claims 86 - 107. Applicant has also added new method claims 158 and 159, which are both ultimately dependent on claim 39, new apparatus claims 160 and 161, which are both ultimately dependent on claim 62, new apparatus claims 162 and 163, which are both ultimately dependent on claim 85, and new computer readable medium claims 164 and 165, which are both ultimately dependent on claim 108.

Applicant : Alexander Kropivny  Attorney's Docket No.: 22493-0003001 / 83120-2
Serial No. : 11/694,817
Filed : March 30, 2007
Page : 42 of 42

## CONCLUSION

It is believed that all of the pending claims have been addressed.  However, the absence of a reply to a specific rejection, issue or comment does not signify agreement with or concession of that rejection, issue or comment.  In addition, because the arguments made above may not be exhaustive, there may be reasons for patentability of any or all pending claims (or other claims) that have not been expressed.  Finally, nothing in this paper should be construed as an intent to concede any issue with regard to any claim, except as specifically stated in this paper, and the amendment of any claim does not necessarily signify concession of unpatentability of the claim prior to its amendment.

Please apply the excess claim fees and any other charges or credits, to deposit account 06-1050.

Respectfully submitted,

11/3/10      /John-Paul Fryckman/
Date:_____    _____

John-Paul Fryckman
Reg. No. 62,880

Customer Number 20985
Fish & Richardson P.C.
Telephone:  (858) 678-5070
Facsimile:  (877) 769-7945

11106975.doc