IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| AK MEETING IP LLC, | ) ) | |
| Plaintiff, | ) ) | Civil Action No. 1:22-cv-01165-LY |
| v. | ) ) ) | |
| ZOHO CORPORATION | ) ) | JURY TRIAL DEMANDED |
| Defendant. | ) | |

**RESPONSE TO DEFENDANT ZOHO CORPORATION'S OPPOSED
MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**

Plaintiff AK Meeting IP LLC ("AK Meeting") files this Response to Zoho Corporation ("Defendant" or "Zoho") Motion to Dismiss Plaintiff's Second Amended Complaint ("Motion") showing the Court that it should be denied because AK Meeting has plausibly plead its allegations of willful, induced, and contributory infringement. In the alternative, AK Meeting seeks leave to replead its allegations.

**I.       BACKGROUND**

On March 8, 2022, AK Meeting filed a lawsuit (Original Complaint)[1] against Zoho for infringement of the claims of its U.S. Patent Nos. 10,963,124 ("the '124 patent") and 8,627,211 ("the '211 patent") (collectively referred to as the "Patents-in- Suit").  AK Meeting filed an Amended Complaint[2] on May 6, 2022, and Defendant filed a Motion to Dismiss the Amended Complaint on June 27, 2022.[3]   AK Meeting filed its Response to Defendant's

---

[1] Doc. No. 1.
[2] Doc. No. 8.
[3] *See* Doc. No. 15.

1

Motion to Dismiss the Amended Complaint on July 11, 2022.[4] On February 6, 2023, AK Meeting voluntarily dismissed without prejudice claims with respect to U.S. Patent No. 10,963,124 (see Doc. No. 34) and filed a Second Amended Complaint[5] on April 3, 2023. Defendant seeks dismissal of the Second Amended Complaint alleging that the Second Amended Complaint fails to plausibly allege that Zoho Show (the "accused product") meets each claim limitations of the '211 patent.

Specifically, Defendant incorrectly asserts that the Second Amended Complaint (i) allegedly fails to allege that the accused product meets the "looped message" limitation;[6] (ii) allegedly fails to sufficiently plead indirect infringement. Defendant's Motion should be denied.

## II.  LEGAL STANDARD

"The court's task is to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *Panasonic Corp. v. Magna Int'l., Inc.*, 6:21-cv-00319-ADA, 2022 WL 174513 (W.D. Tex. Jan 20, 2022) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted). Plaintiff is not required to provide evidence of infringement at the pleading stage beyond "stat[ing] a claim to relief that is plausible on its face." *Id*. "Courts will not dismiss a claim unless the plaintiff 'would not be entitled to relief under any set of facts or any possible theory that it could prove consistent with the allegations in the complaint.'" *Id*. (quoting *Slyce Acquisition, Inc. v. Syte – Visual Conception, Ltd.*, 422 F. Supp. 3d 1191, 1198 (W.D. Tex.

---

[4] Doc. No. 18.
[5] Doc. No. 42.
[6] Doc. No. 44, page 8.

2019)). Based upon the assumption that all the allegations in the complaint are true, the factual allegations must be enough to raise a right to relief above the speculative level. *Twombly*, 550 U.S. at 555. When the nonmovant pleads factual content that allows the court to reasonably infer that the movant is liable for the alleged misconduct, then the claim is plausible on its face. *Iqbal*, 556 U.S. at 678.

In *Bot M8 LLC v. Sony Corporation of America, et al.*, No. 2020-2218 (Fed. Cir. July 13, 2021), the Federal Circuit clarified the pleading requirements for patent infringement cases. It reiterated that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." But it disagreed that a complaint must "explain . . . every element of every claim that you say is infringed and/or explain why it can't be done." The Court explained that a plaintiff need not "prove its case at the pleadings stage" and is not required to plead infringement on an element-by-element basis. It held that, while a formulaic recitation of the elements would not be acceptable, to the extent the district court adopted a blanket element-by-element pleading standard for patent infringement, that approach is unsupported and goes beyond what the Supreme Court articulated in *Iqbal* and *Twombly*. The Court explained that it is enough "that a complaint place the alleged infringer on notice of what activity . . . is being accused of infringement."

### III. ARGUMENT

#### A. Plaintiff Sufficiently Pled that Zoho Show Meets the Claim Limitations

Defendant argues that every independent claim of the '211 patent requires the server to transmit the pointer movement back to the originating computer or client processor circuit.[7] Defendant then incorrectly argues that AK Meeting failed to plead facts showing how the accused Zoho Show meets this limitation. Contrary to Defendant's assertions, AK Meeting has sufficiently pled that all claim features are infringed.

As shown in the claim chart of the Second Amended Complaint, Zoho Show supports multiple-party communications in a computer network.[8] Zoho Show receives a first cursor message.



Source:
https://help.zoho.com/portal/en/kb/show/web-app/customize-and-play/articles/play-a-slideshow-zohoshow#Highlighter

Since the presentation is automatically saved in the server, the server must receive a first cursor message at the server from the client computer, said first cursor message representing a change in a position of a first cursor associated with the client computer.

9

---

[7] Doc. No. 44 at page 8.
[8] Doc. No. 42-1, page 3.

As discussed during prosecution of the '211 patent, the "cursor" is used to refer to the client computer cursor and the word "pointer" is used to refer to a secondary pointer.[10] The cursor message represents a change in a position of a cursor on the client computer, and the pointer message represents the change in position of the cursor and provides information for display of the pointer on the client computer.[11]

As shown in the claim charts, with Zoho Show there is collaboration among team members.



Source: https://www.zoho.com/show/ [12]

---

[9] Doc. No. 42-1 at page 5.
[10] Doc. No. 44-3, page 3.
[11] *Id*.
[12] *Id*. at page 3.

Defendant's own website explains that with Zoho Show one can "[s]hare your presentation and set access privileges to control who can edit or add content to your presentations. Presentations can be shared with a larger audience or a specific collaborator."[13] Another user can add or edit content to a presentation in real time.

AK Meeting has plausibly shown the claimed features. Importantly, Defendant does not deny it is infringing, only asserting that AK Meeting has not fully proven infringement of all the claim elements. "The court's task is to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *Panasonic Corp. v. Magna Int'l., Inc.*, 6:21-cv-00319-ADA, 2022 WL 174513 (W.D. Tex. Jan 20, 2022) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted). AK Meeting has certainly put Defendant on notice of what activity it is being accused of infringement. *See Bot M8 LLC v. Sony Corporation of America, et al.,* No. 2020-2218 (Fed. Cir. July 13, 2021).

### B. Zoho Sufficiently Plead Indirect Infringement

Induced infringement requires: (1) knowledge of the infringed patent; and (2) intentionally aiding and abetting a third party to infringe. 35 U.S.C. § 271(b). *Warsaw Orthopedic, Inc. v. NuVasive, Inc.*, 824 F.3d 1344 (Fed. Cir. 2016) ("[I]nduced infringement requires not 'only knowledge of the patent' but also 'proof the defendant knew the [induced] acts were infringing.'" In this case, Zoho knew of the patent-in-suit at least as early as the filing of this suit. Zoho advertises its infringing product, Zoho Show, and is inducing infringement at least via all its customers that use Zoho Show.

---

[13] *See* https://help.zoho.com/portal/en/kb/show/web-app/share-and-collaborate/articles/share-a-presentation-zohoshow#Share_presentations_through_email_address

Contributory infringement requires: (1) knowledge of the infringed patent; (2) providing to a third party a material component of an infringing article; and (3) that the component is especially made or adapted for use in such infringing article. 35 U.S.C. § 271(c); *Nalco Co. v. Chem-Mod, LLC*, 883 F.3d 1337, 1356 (Fed. Cir. 2018). ("[C]ontributory infringement requires knowledge of the patent in suit and knowledge of patent infringement." (quoting *Commil USA, LLC v. Cisco Sys., Inc.,* 135 S. Ct. 1920, 1926 (2015)).  In this case, Zoho knew of the patent-in-suit at least as early as the filing of this suit.  Zoho advertises its infringing product, Zoho Show, and is contributing to infringement at least by providing to its customers its infringing product, Zoho Show.

## IV.    CONCLUSION

For the foregoing reasons, AK Meeting respectfully asks the Court to deny Defendant's Motion to Dismiss. Alternatively, to the extent the Court grants the Motion based on alleged insufficiency of pleadings, AK Meeting asks that the Court does so without prejudice and allows AK Meeting leave to amend.

DATED:  May 16, 2023

        Respectfully submitted,

        **Ramey LLP**

        */s/ William P. Ramey, III*
        William P. Ramey, III
        Texas State Bar No. 24027643
        5020 Montrose Blvd., Suite 800
        Houston, Texas 77006
        (713) 426-3923 (telephone)
        (832) 900-4941 (fax)
        wramey@rameyfirm.com

        ***Attorneys for AK Meeting IP, LLC***

**CERTIFICATE OF SERVICE**

Pursuant to the Federal Rules of Civil Procedure and LR5, I hereby certify that all counsel of record who have appeared in this case are being served on this day of May 16, 2023, with a copy of the foregoing via email and ECF filing.

*/s/ William P. Ramey, III*
**William P. Ramey, III**