**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | |
|---|---|
| AK MEETING IP LLC, § § | |
| Plaintiff, § § | |
| v. § § | Civil Action No. 1:22-cv-01165-DII |
| ZOHO CORPORATION, § § | |
| Defendant. § § | |

**REPLY IN SUPPORT OF DEFENDANT ZOHO CORPORATION'S MOTION
TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**

## I.      INTRODUCTION

Plaintiff AK Meeting IP LLC's ("AK Meeting's") untimely[1] response (D.I. 47) ("Response") fails to address the arguments in Zoho's motion to dismiss (*see* D.I. 44), as well as the deficiencies identified by the Court in its prior order which dismissed Plaintiff's First Amended Complaint ("FAC") (*see* D.I. 36, D.I. 41). Rather, AK Meeting only restates its conclusory allegations and threadbare recitals, which does not, and cannot, cure the pleading failures in its Second Amended Complaint ("SAC").

AK Meeting still points to *no* factual allegations that show how its direct infringement claim is plausible. Nothing suggests that Zoho Show (the *sole* accused product) meets the critical and material "looped message" claim limitation in the '211 patent. Rather, AK Meeting just reiterates that Zoho Show generally allows for "collaboration" and that other users can share access and editing privileges to presentation slides. Response at 5-6. But these features are irrelevant to whether the only feature at issue—*i.e.*, the laser pointer a presenter may use when playing a slideshow—sends any pointer signals *back to* the presenter's computer when used. No factual allegations in the SAC, in the SAC's exhibits, or in any cited webpages, create any plausible inference or otherwise suggest that any such pointer signals are returned to the originating client computer (because they, in fact, are not). Because AK Meeting has not, and cannot, state a claim of direct infringement of the '211 patent by Zoho Show, this claim should be dismissed.

---

[1] Because AK Meeting failed to file a timely response, the Court may grant Zoho's motion as unopposed. *See* Local Rule CV-7.D.2 ("If there is no response filed within the time period prescribed by this rule, the court may grant the motion as unopposed."). AK Meeting's response was originally due on May 1, 2023, fourteen days after Zoho filed its motion on April 17, 2023. *See* D.I. 44; Local Rule CV-7.D.2. On May 1, 2023, AK Meeting requested, and Zoho agreed to, a two-week extension to May 15, 2023. AK Meeting did not file its response by May 15, 2023, but filed it late on May 16, 2023.

1

AK Meeting fares no better with respect to its deficient indirect infringement claims. AK Meeting, again, merely reiterates the general and conclusory threadbare recitals of its SAC. Such formulaic recitations are insufficient to state a claim for either induced or contributory infringement by Zoho of the '211 patent and similarly should be dismissed.

Plaintiff has been given ample opportunity to plead a claim against Zoho and has failed to do so. It is thus clear that any further attempt at amendment would be futile. Accordingly, Zoho's motion should be granted without leave to amend.

### A. AK Meeting Fails to State a Claim for Direct Infringement of the '211 Patent Because No Facts Suggest that Zoho Show Meets the Material "Looped Message" Limitation

As this Court has found (which Plaintiff ignores[2]), every independent claim of the '211 patent includes a limitation that "requires the server to transmit the pointer movement *back to* the originating client computer or client processor circuit." Report and Recommendation of Magistrate Judge Howell, *AK Meeting IP LLC v. Zoho Corp.*, No. 1:22-CV-1165-LY, 2023 WL 1787303 (W.D. Tex. Feb. 6, 2023) (the "R&R") at 2 (emphasis added). This "looped message" limitation was added after the examiner had rejected what would become claim 1 of the '211 patent based on the Fedotov prior art reference. *See id.*

Indeed, the prosecution history of the '211 patent plainly shows how this specific limitation served as the basis for distinction over the Fedotov prior art reference and the reason for the patent's allowance. *See, e.g.*, *id.* at 2-3; Motion to Dismiss FAC (D.I. 15) at 3-4; Motion to Dismiss SAC (D.I. 44) at 4; *see also* Marton Decl. at Ex. 2 (D.I. 44-3) at Page 37 of 42 (claiming Fedotov failed to disclose "anything that corresponds to display of a *secondary* pointer

---

[2] Plaintiff makes no reference to, and fails even to acknowledge, the Court's prior order dismissing its FAC. *See generally* Response.

2

on the client computer that initiated a specific cursor movement event") (italics added; underline in original); *id.* at Page 38 of 42 (suggesting "most probable circumstances under which it would not be necessary to send the event to a specific attendee, would be in a case where the specific attendee *had initiated a cursor movement event*" to argue lack of disclosure in Fedotov "as to how an event representing a cursor movement would or could be processed if received by the computer of the attendee *that initiated the event*") (italics added; underline in original); *id.* (explaining how Fedotov discloses that the "presenter's operating system forwards network packets…to the *other* attendees" to reproduce presenter's desktop, but does not mention "whether network packets would be received *at the presenter's desktop environment*, and how such a network packet would be processed if it were to be received" (emphasis added); *id.* at Page 39 of 42 (arguing embodiment of Fedotov "fails to support a conclusion that forwarding of cursor movement events *back to the presenter*" had been disclosed) (emphasis added); *id.* (explaining while Fedotov disclosed "how remote mouse events received from other clients are processed," it did not disclose "receiving, let alone processing of mouse events initiated by the same client that initiated the mouse movement") (underlines in original); *id.* (arguing Fedotov, "taken as a whole, does not disclose forwarding cursor movement events *back to the attendee that initiated the event*") (emphasis added).

Plaintiff still does not, and cannot, identify *any* factual allegations suggesting that Zoho Show meets this critical "looped message" limitation. *See generally* Response at 4-6. Rather, Plaintiff again simply points to Zoho Show's laser pointer feature, which is one of two tools that a presenter can use during the presentation of a slideshow. *See* Response at 4; Marton Decl. at Ex. 7 (D.I. 44-8) at Page 5 of 9. But nothing in the Response, the SAC, the SAC's exhibits, or

any referenced Zoho webpage,[3] suggest that any of the presenter's signals when using the pointer are subsequently sent ***back*** to the initiating client computer to be displayed back to the presenter. Again, at best, Plaintiff's allegations suggest one-way transmission of the signals to different computers, and not looped messages as required by the claims of the '211 patent.

Plaintiff appears to make some kind of argument regarding "cursor" and "pointer" signals, *see* Response at 5,[4] but this unclear argument is a red herring. It does not change the fact that the '211 claims require a looped message (which Plaintiff concedes)—*i.e.*, a pointer message must be sent back from the server to the originating computer. AK Meeting has not, and cannot, identify any such returned message.

Plaintiff also merely repeats that Zoho Show generally permits for "collaboration," including the sharing of certain read, write and editing privileges among users. It then makes the unsupported, conclusory, and overreaching leap that it has thus "plausibly shown the claimed features." Response at 6. This is insufficient. *See, e.g.*, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Bot M8 LLC v. Sony Corp. of Am.*,

---

[3] AK Meeting's attempt to rely on a new webpage outside of its pleading (*see* Response at n.13) is improper and should not be considered on this motion. *See, e.g.*, *Roebuck v. Dothan Sec., Inc.*, 515 F. App'x 275, 280 (5th Cir. 2013); R&R at 11, 13. Regardless, even if the Court were to consider it, this new webpage does not rehabilitate Plaintiff's claim. It merely reiterates that Zoho Show allows for internal collaboration on presentations, including instructions on how users may share, edit, view and comment on presentation slides.

[4] Indeed, the prosecution history cited by Plaintiff (*see* Response at 5, n.10) further corroborates this looped message requirement and describes that a secondary pointer would be displayed on the client computer. *See* Marton Decl. at Ex. 2 (D.I. 44-3) at Page 36 of 42 (clarifying that a separate pointer is displayed to the user in order to provide "feedback to a user of the client computer of a network latency associated with a round trip from the client computers to the server and back again to the client computer" and that the "displayed pointer also more closely corresponds to the client's pointer as it would be displayed on other client computers, which are likely to encounter a similar network latency"); *see also id.* (noting amendment to further define referenced "pointer message" as being "'operable to cause display of a pointer *on the client computer*'") (emphasis added).

4 F.4th 1342, 1353 (Fed. Cir. 2021) ("There must be some factual allegations that, when taken as true, articulate why it is plausible that the accused product infringes the patent claim."); *LS Cloud Storage Techs., LLC v. Amazon.com, Inc.*, No. 1:22-CV-1167-RP, 2023 WL 2290291, at *4 (W.D. Tex. Feb. 27, 2023) (failure to allege how device infringed claim limitation warranted dismissal) (citations omitted). There is no explanation whatsoever, factual or otherwise, as to how the ability to collaborate on presentations in real-time or the ability to share access and edit privileges meets the "looped message" limitation. As stated in Zoho's opening brief, nothing plausibly suggests that such features implicate or otherwise use any cursor or pointer signals. But even if they did, there is no explanation as to how this then shows any such signals would be sent *back to the originating client computer*. See D.I. 44 at 6-7. Plaintiff's direct infringement claim remains "too vague to state a plausible claim for infringement" and should be dismissed. *Id*. at 7, citing *LS Cloud Storage Techs*., 2023 WL 2290291, at *4 and *Ancora Techs., Inc. v. Lenovo Group Ltd*., No. 1:19-CV-01712-CFC, 2020 WL 4530718 at *1 (D. Del. Aug. 6, 2020).

Finally, Plaintiff argues that Zoho "does not deny it is infringing." Response at 6. This is false. Zoho has always denied, and continues to deny, any claim of infringement by Plaintiff. But regardless, whether or not Zoho admits or denies Plaintiff's infringement claims is irrelevant at this procedural stage or on this motion. Zoho has not yet filed its answer and Plaintiff's continued failure to state a claim upon which relief can be granted as necessitated Zoho's filing of yet another Rule 12(b)(6) motion to dismiss. *See* D.I. 15; D.I. 36; D.I. 41; D.I. 44. And as Zoho has shown, because Plaintiff has not, and cannot, allege sufficient facts to state a plausible infringement claim against Zoho, Zoho's motion should be granted.

### B. AK Meeting Merely Repeats Its Conclusory and Threadbare Recitals for Its Indirect Infringement Theories

AK Meeting's indirect infringement theories also fail. AK Meeting fails to respond to, and thus concedes, that its indirect infringement claims require a predicate claim of direct infringement. *See* D.I. 44 at 8. Since its direct infringement claim fails, *see supra*, so must its indirect infringement claims. *See id*.

Moreover, even assuming that AK Meeting has adequately pled a claim of direct infringement of the '211 patent (though it has not), its indirect infringement claim nevertheless warrants dismissal. For the induced infringement claim, AK Meeting fails to respond to the arguments in Zoho's motion (*see* D.I. 44 at 8-9), and instead merely recites elements for induced infringement formulaically, says that Zoho "advertises" Zoho Show, and that Zoho is "inducing infringement at least via all its customers that use Zoho Show." Response at 6. Such general and conclusory allegations fall well short of creating any reasonable inference of specific intent or action to induce infringement. *See* D.I. 44 at 8-9, citing *Addiction & Detoxification Inst. L.L.C. v. Carpenter*, 620 F. App'x 934, 938 (Fed. Cir. 2015), *Core Wireless Licensing S.A.R.L. v. Apple Inc*., No. 6:14-CV-752-JRG-JDL, 2015 WL 12850550, at *4 (E.D. Tex. July 15, 2015), report and recommendation adopted, No. 6:14-CV- 752-JRG-JDL, 2015 WL 4910427 (E.D. Tex. Aug. 14, 2015), and *Iron Oak Techs., LLC v. Acer Am. Corp*., No. 6:17-CV-00143-RP-JCM, 2017 WL 9477677, at *6 (W.D. Tex. Nov. 28, 2017).

Similarly, AK Meeting's contributory infringement claim is insufficiently pled. *See* D.I. 44 at 10-11. AK Meeting again simply recites elements for contributory infringement, says that Zoho "advertises" Zoho Show, and that Zoho "is providing to its customers its infringing product, Zoho Show." Response at 7. Not only are such general and conclusory allegations insufficient, but Plaintiff fails to respond to (and thus concedes) that it has not, and cannot, plead

that Zoho Show has no substantial non-infringing uses (*see id.* at 10) or that the accused components are a material part of the invention (*see id*. at 11). Accordingly, any claim of contributory infringement should also be dismissed. *See id.* at 10-11, citing *Iron Oak Techs., LLC*, 2017 WL 9477677, at *7, *Merck Sharp & Dohme Corp. v. Teva Pharms. USA, Inc.*, No. CV 14-874-SLR-SRF, 2015 WL 4036951, at *6 (D. Del. July 1, 2015), report and recommendation adopted, No. 14-874-SLR-SRF, 2015 WL 4477699 (D. Del. July 22, 2015), and *Core Wireless Licensing S.A.R.L.*, 2015 WL 4910427, at *5.

### C. AK Meeting's SAC Should Be Dismissed Without Leave to Amend

Finally, in its Response, Plaintiff identifies no proposed amendments, factual or otherwise, which could save any of its claims. In the Court's R&R, Plaintiff was already advised of the deficiencies in its claims against Zoho for infringement of the '211 patent and given an opportunity to cure them. Plaintiff failed to cure those deficiencies. Plaintiff also has failed to make any showing in its Response or otherwise as to what, if any, proposed amendments could cure its defective claims. Because AK Meeting has shown that any further opportunity to amend would be futile, the SAC should be dismissed without leave to amend. *See* D.I. 44 at 11-12 (citing cases); R&R at 14 (citing cases).

## II. CONCLUSION

For the foregoing reasons, Zoho respectfully requests the Court dismiss AK Meeting's SAC without leave to amend.

Dated:  May 23, 2023

Respectfully submitted,

By: /s/ *Ryan J. Marton*
Ryan J. Marton (admitted *Pro Hac Vice*)
Phillip J. Haack (admitted *Pro Hac Vice*)
MARTON RIBERA SCHUMANN & CHANG LLP
548 Market Street, Suite 36117
San Francisco, CA 94104
Telephone:  (415) 360-2515
Email: ryan@martonribera.com
phaack@martonribera.com

Darryl Adams
Texas State Bar No. 00796101
dadams@sgbfirm.com
SLAYDEN GRUBERT BEARD PLLC
401 Congress Ave., Ste. 1650
Austin, Texas 78701
Telephone: (512) 402-3550
Facsimile: (512) 402-6865

*Attorneys for Defendant Zoho Corporation*

8

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing is being served on the counsel of record via the CM/ECF system on May 23, 2023.

*/s/ Ryan J. Marton*
Ryan J. Marton
